IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**FUHU, INC.**<br><br>    Defendant. | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Personal Audio, LLC ("Personal Audio") makes the following allegations against FUHU, Inc. (hereafter "FUHU" or "Defendant").

## PARTIES

2. Plaintiff Personal Audio ("Plaintiff" or "Personal Audio") is a Texas limited liability company with its principal place of business at 3827 Phelan Blvd., Suite 180, Beaumont, Texas 77707.

3. On information and belief, FUHU is a corporation organized and existing under the laws of the state of California with its principle place of business located at 909 North Sepulveda Boulevard, Suite 540, El Segundo, CA 90245.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, FUHU has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. Venue in the Eastern District of Texas is also proper because of judicial economy. Judge Ron Clark presided over *Personal Audio, LLC, v. Apple Inc. et al.,* Civil Action No. 9:09CV111 ("*Personal Audio v. Apple I*"). As part of that action the Court has construed the claims of the asserted patent in the Memorandum Opinions and Orders dated December 21, 2010 (Dkt. No. 258), January 31, 2011 (Dkt. No. 292), and May 18, 2011 (Dkt. No. 358).

7. On information and belief, FUHU is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. *See* Exhibit A.

## BACKGROUND ALLEGATIONS

8. Plaintiff is the owner of United States Patent No. 6,199,076 ("the '076 patent") entitled "AUDIO PROGRAM DISTRIBUTION INCLUDING A DYNAMIC PROGRAM SELECTION CONTROLLER." The '076 Patent issued on March 6, 2001. A true and correct copy of the '076 Patent is attached as Exhibit B.

9. Plaintiff is the owner of United States Patent No. 7,509,178 ("the '178 patent") entitled "AUDIO PROGRAM DISTRIBUTION AND PLAYBACK SYSTEM." The '178 Patent issued on March 24, 2009. A true and correct copy of the '178 Patent is attached as Exhibit C.

10. The '076 and '178 patents are directed toward an audio program player that will play a sequence of audio program segments or files and accept commands from the user to skip forward or backward in the sequence.

11. On June 25, 2009, Personal Audio sued Apple Inc. in the Eastern District of Texas for infringement of the '076 and '178 patents. Personal Audio alleged that Apple infringed the '076 patent by selling the iPod classic generations 1 through 6, iPod mini generations 1 and

2, iPod nano generations 1 through 5, iPod touch generations 1 through 3, iPhone, iPhone 3G, iPhone 3GS, and iPad.

12. The Court, the Honorable Ron Clark presiding, held a jury trial from June 23 until July 8, 2011.

13. During the trial Apple asserted that claims 1, 3, and 15 of the '076 patent and claims 1, 6, 13, and 14 of the '178 Patent were invalid as anticipated or obvious. For each asserted claim, Apple argued that it was anticipated by the DAD486x Digital Audio Delivery System Operation Manual ("DAD Manual") and DAD486x Digital Audio Delivery System ("DAD System"). Apple also argued that each of the asserted claims was rendered obvious by various combinations of the DAD Manual, DAD System, Sound Blaster 16 User's Guide for Windows 95, Microsoft Windows 95 Resource Kit manual, "Architecting Personalized Delivery of Multimedia Information" by S. Loeb, Musicshop Reference Manual, Sony Discman player and instructions, and Sony Minidisc player and instructions.

14. On July 8, 2011, the jury by unanimous verdict found that Apple infringed claims 1, 3, and 15 of the '076 patent and claims 1, 6, 13, and 14 of the '178 Patent by selling the iPod classic generations 3 through 6, iPod mini generations 1 and 2, and iPod nano generations 1 through 5 in the United States. The jury awarded damages to Personal Audio in the amount of $8,000,000.00.

15. The jury rejected all of Apple's invalidity arguments and found that claims 1, 3, and 15 of the '076 patent and claims 1, 6, 13, and 14 of the '178 Patent are not anticipated or obvious.

16. On August 30, 2011, the Court ordered final judgment in favor of Personal Audio in the amount of $8,000,000.00 in damages, $4,182,331.00 in pre-judgment interest, post-judgment interest calculated at the rate of 0.11%, and costs of court.

17. On September 9, 2011, Personal Audio filed suit against Samsung, Motorola, HTC, and LG, which was duly assigned to the Honorable Ron Clark. *Personal Audio, LLC, v. Samsung Electronics Co., Ltd. et al,* Civil Action No. 1:11-CV-00432-RC. The matter against each defendant was resolved by confidential settlement agreements.

18. On November 22, 2011, Personal Audio filed suit against Amazon, which was duly assigned to the Honorable Ron Clark. *Personal Audio, LLC, v. Amazon Digital Services,*

*Inc. et al,* Civil Action No. 1:11-cv-00655-RC. The matter was resolved by a confidential settlement agreement.

19. By at least February 5, 2013, Plaintiff gave notice to FUHU of its rights in the '076 and '178 patents via letter, to request that the parties engage in licensing discussions, to Jim Mitchell, upon information and belief, Chief Executive Officer at FUHU, Inc. located at 909 North Sepulveda Boulevard, Suite 540, El Segundo, CA. *See* Exhibit D.

20. In response to the letter, on February 15, 2013, Shawn G. Hansen, Partner at Manatt, Phelps & Phillips, LLP, located at 1841 Page Mill Road, Suite 200 Palo Alto, California 94304-1006, sent a written response requesting additional information in order to facilitate licensing discussions. *See* Exhibit E. From that date, patent licensing discussions proceeded between the parties.

21. However, without giving any substantive reason for invalidity or infringement, on August 7, 2013, FUHU filed a declaratory judgment action against Personal Audio in the District Court for the Central District of California. *See* Exhibit F.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,199,076

22. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

23. Upon information and belief, Defendant FUHU has been and now is directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, at least, without Plaintiff's authority, importing, making, selling, offering to sell, and/or using an apparatus that infringes one or more claims of the '076 patent, including without limitation the nabi 2, nabi Jr., and the nabi XD tablet. Defendant FUHU is thus liable for infringement of the '076 Patent pursuant to 35 U.S.C. § 271.

24. Upon information and belief, the FUHU nabi 2, nabi Jr., and the nabi XD music application has the capability to play a sequence of audio program segments or files, and accept commands from the user to skip forward or backward in the sequence. In the alternative, because the manner of use by FUHU differs in no substantial way from the claims of the patent, if FUHU is not found to literally infringe, FUHU infringes under the doctrine of equivalents.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,509,178

25. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

26. Upon information and belief, Defendant FUHU has been and now is directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, at least, without Plaintiff's authority, importing, making, selling, offering to sell, and/or using an apparatus that infringe one or more claims of the '178 patent, including without limitation the nabi 2, nabi Jr., and the nabi XD tablet. Defendant FUHU is thus liable for infringement of the '178 Patent pursuant to 35 U.S.C. § 271.

27. Upon information and belief, the FUHU nabi 2, nabi Jr., and the nabi XD music application has the capability to play a sequence of audio program segments or files and accept commands from the user to skip forward or backward in the sequence. In the alternative, because the manner of use by FUHU differs in no substantial way from the claims of the patent, if FUHU is not found to literally infringe, FUHU infringes under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

28. A judgment in favor of Plaintiff that Defendant has infringed the '076 and '178 Patents;

29. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '076 and '178 Patents as provided under 35 U.S.C. § 284;

30. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

31. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

32. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

                                                Respectfully Submitted,

                                                **GERMER PLLC**

Dated:  August 13, 2013           By:  */s/ Charles W. Goehringer, Jr.*
                                                    Charles W. Goehringer, Jr.
                                                    Texas Bar No. 00793817
                                                    Lawrence L. Germer
                                                    Texas Bar No. 07824000
                                                    P.O. Box 4915
                                                    Beaumont, Texas 77704
                                                    (409) 654-6700 – Telephone
                                                    (409) 835-2115 – Facsimile

                                                    **ATTORNEYS FOR PLAINTIFF**
                                                    **PERSONAL AUDIO, LLC**