# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

PERSONAL AUDIO, LLC,

    Plaintiff,

        v.

FUHU, INC.,

    Defendant.

Civil Case No. 1:13-cv-00513-RC

## FUHU, INC.'S MOTION TO DISMISS PURSUANT TO THE FIRST-TO-FILE RULE AND FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS .................................................................................. 2

    A.  The Parties .................................................................................................. 2

        1.  Fuhu .................................................................................................. 2

        2.  Personal Audio .................................................................................. 3

    B.  The Patents-in-Suit ..................................................................................... 5

    C.  The Parties' Dispute and Ensuing Litigation ............................................. 6

III.  ARGUMENT ....................................................................................................... 7

    A.  Applicable Legal Principles ........................................................................ 7

        1.  First-To-File Rule ............................................................................. 7

        2.  Personal Jurisdiction ......................................................................... 8

    B.  The First-To-File Rule Applies Here .......................................................... 9

    C.  Dismissal or, Alternatively, Stay or Transfer Are Appropriate Remedies Pursuant to the First-To-File Rule ............................................................. 9

    D.  This Action Should Be Dismissed For Lack of Personal Jurisdiction Independent of the First-To-File Rule ...................................................... 13

IV.  CONCLUSION .................................................................................................. 15

**CASES**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358 (Fed. Cir. 2012)................................................................14

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622 (9th Cir. 1991) ...................................................................10

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed. Cir. 2008)...........................................................8, 15

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994)..................................................................14

*Bowe, Bell + Howell Co. v. Midsouth Techs.*,
LLC, No. Civ. A. 05C-571, 2005 WL 1651167 (N.D. Ill. June 30, 2005)................9

*Bridgelux, Inc. v. Cree, Inc.*,
No. C 06-6459 PJH, 2007 WL 2022024 (N.D. Cal. July 9, 2007) ....................9, 10

*Burger v. American Mar. Officers Union*,
No. Civ. A. 97-2085, 1999 WL 223164 (E.D. La. April 14, 1999)........................10

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) ................................................................7, 8

*Crosley Corp. v. Hazeltine Corp.*,
122 F.2d 925 (3d Cir. 1941)........................................................................7

*Daimler-Chrysler Corp. v. General Motors Corp.*,
133 F. Supp. 2d 1041 (N.D. Ohio 2001)........................................................8

*First Sw. Vending & Food Serv. v. Solo Cup. Co.*,
No. Civ. A. 3:07-CV-1936-D, 2008 WL 1757822 (N.D. Tex. April 9, 2008) ........10

*Genentech, Inc. v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 1993).....................................................................7

*Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*,
No. 3:08cv0279, 2008 WL 3472181 (M.D. Tenn. Aug. 8, 2008) ...........................9

*Girafa.com, Inc. v. Alexa Internet, Inc.*,
No. C-08-02745 RMW, 2008 WL 4500858 (N.D. Cal. Oct. 6, 2008) ....................9

*Huntsman Corp. v. International Risk Ins. Co.*,
No. 1:08-CV-029, 2008 WL 1836384 (E.D. Tex. April 22, 2008) ................7, 8, 10

*In re Apple Inc.*,
374 Fed. Appx. 997 (Fed. Cir. 2010).............................................................3

*In re Verizon Bus. Network Servs.*,
635 F.3d 559 (Fed. Cir. 2011)..............................................................12, 13

*In re Volkswagen of American, Inc.*,
545 F.3d 304 (5th Cir. 2008) ..............................................................................11

*Kahn v. General Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989)............................................................................7

*Kerotest Mfg. Co. v. C.O. Two Fire Equip. Co.*,
342 U.S. 180 (1952)..............................................................................................7

*Laboratories Corp. of Am. Holdings v. Chiron Corp.*,
384 F.3d 1326 (Fed. Cir. 2004)............................................................................8

*Mann Mfg., Inc. v. Hortex, Inc.*,
439 F.2d 403 (5th Cir. 1971) ................................................................................9

*McIntyre Machinery, Ltd., v. Nicastro.*
131 S. Ct. 2780 (2011)....................................................................................14, 15

*Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*,
451 F. Supp. 2d 843 (S.D. Miss. 2006)................................................................8

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997) ................................................................................8

*Shire U.S., Inc. v. Johnson Matthey, Inc.*,543
F. Supp. 2d 404 (E.D. Pa. 2008) ..........................................................................9

*Smith v. McIver*,
22 U.S. 532 (1824)................................................................................................7

*Street v. Smith*,
456 F. Supp. 2d 761 (S.D. Miss. 2006)............................................................8, 10

*Tesco Corp. v. Vesco I/P, Inc.*,
No. Civ. A. H-5-2118, 2006 WL 2022912 (S.D. Tex. July 17, 2006) ...................10

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*,
815 F. Supp. 994 (E.D. Tex. 1993)......................................................................10

*Tiber Labs., LLC v. Cypress Pharm., Inc.*,
No. 2:07-CV-0014-RWS, 2007 WL 3216625 (N.D. Ga. May 11, 2007)............9, 10

*West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*,
751 F.2d 721 (5th Cir. 1985) ........................................................................7, 8, 9

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
341 F. Supp. 2d 639 (N.D. Tex. 2004) ................................................................10

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................11, 13

**TABLE OF AUTHORITIES**
(continued)

**RULES**

Fed. R. Civ. P. 12(b) ...............................................................................................................1

Fed. R. Civ. P. 13(a) .............................................................................................................10

**FUHU, INC.'S MOTION TO DISMISS PURSUANT TO THE FIRST-TO-FILE RULE
AND FOR LACK OF PERSONAL JURISDICTION**

## I.        INTRODUCTION

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Fuhu, Inc.
("Fuhu") respectfully submits this Motion to Dismiss Pursuant to the First-To-File Rule and for
Lack of Personal Jurisdiction.  This Motion is supported by the accompanying declarations of
Joseph M. Moschella ("Moschella Decl.") and Shawn G. Hansen ("Hansen Decl.").

On August 1, 2013, Fuhu filed an action against Plaintiff Personal Audio, LLC
("Personal Audio") in Fuhu's home district, the United States District Court for the Central
District of California, seeking a declaratory judgment that Fuhu is not liable for infringement of
properly construed, valid, and enforceable claims of U.S. Patents 6,199,076 (" '076 patent") and
7,509,178 (" '178 patent") (collectively, "Patents-in-Suit") and that the properly construed
claims of the Patents-in-Suit are invalid.  (*See* Exhibit F to Personal Audio's Complaint (Docket
No. 1-6).)  Almost two weeks later, on August 13, 2013, Personal Audio filed this action,
asserting that Fuhu's nabi® 2, nabi® Jr., and nabi® XD tablet computers infringe the Patents-in-
Suit.  Personal Audio's infringement claims in this action are a mirror image of Fuhu's
declaratory judgment claims in the California action.

Under the well-established first-to-file rule, this action should be dismissed in favor of
the prior California action.  In the alternative, this case should be stayed pending the California
action or transferred to the Central District of California.

Further, because Personal Audio has not sufficiently pleaded personal jurisdiction and
Fuhu has not purposefully directed activities at the Eastern District of Texas sufficient to support
the assertion of personal jurisdiction over Fuhu here, this case should be dismissed for lack of
personal jurisdiction independent of the first-to-file rule.

## II. STATEMENT OF FACTS

### A. The Parties

#### 1. Fuhu

Fuhu is the award-winning creator of nabi® tablet computers and the leading designer, seller, and innovator of thoughtful consumer products and services for children. (Moschella Decl., ¶¶ 4, 6 (listing awards and recognition); *see generally* http://www.nabitablet.com/.) Fuhu's stated mission is to create children's solutions that are (1) socially responsible, (2) made right, (3) making a difference in people's lives, (4) "For Parents. By Parents.®," and (5) dedicated to the intellectual development of children. (Moschella Decl., ¶ 4.) Fuhu recently was named by *Inc. Magazine* as the No. 1 Fastest-Growing Private Company in America in *Inc. Magazine*'s exclusive Inc. 500|5000 list. (Moschella Decl., ¶ 5; **Exhibit 9 to Exhibit A**.)

Fuhu is a California corporation with its headquarters and principal place of business in the Central District of California in El Segundo, California, which has been its home since its founding. (Moschella Decl., ¶ 3.) Fuhu also has offices in San Jose, California; Westminster, Colorado; China; Hong Kong; Taiwan; and Japan. (*Id.*) Fuhu does not have any offices, employees, documents, or other evidence located in the Eastern District of Texas. (*Id.*, ¶¶ 11-12.) Fuhu is not incorporated or registered to do business in Texas and has never owed or paid Texas franchise taxes. (*Id.*, ¶¶ 13-14.)

The vast majority of Fuhu's employees, including employees involved in the design, development, marketing, and sales of Fuhu's nabi® tablet computers at issue, are located at Fuhu's headquarters in California. (Moschella Decl., ¶ 7.) Approximately 109 employees work at Fuhu's headquarters, and an additional approximately 34 employees work in California at Fuhu's San Jose, California, office. (Moschella Decl., ¶ 7.) Substantially all of Fuhu's documents and/or other evidence regarding the design, development, marketing, and sales of

Fuhu's nabi® tablet computers are located at Fuhu's headquarters in El Segundo, California. (Moschella Decl., ¶ 8.)  Fuhu distributes its nabi® tablet computers and advertises on a nationwide basis, but it does not specifically target distribution or advertising at the Eastern District of Texas.  (Moschella Decl., ¶¶ 9-10.)

### 2. Personal Audio

Personal Audio does not dispute that it is what is commonly referred to as a "patent troll."  (*See* Hansen Decl., ¶ 16 and **Exhibit 15 to Exhibit A**; *see also* Hansen Decl., ¶¶ 5-6 and **Exhibits 1 and 76 to Exhibit A**.)  For example, Personal Audio posted on its Web site the following comments by its founder, James Logan:

> Personal Audio, LLC is a holding company.  That is, we own property and our main activities relate to earning a return on that property.  Now, it just so happens that our property consists of patents - not real estate, artwork, or copyrights - and that has apparently put us on the wrong side of the patent debate in the eyes of some people . . . .
>
> The term "patent troll" has emerged in recent years, and to the extent that words matter, this phrase has served as an effective piece of negative branding for those who want to reduce the rights of patent holders.  But the debate should go beyond catchy name-calling.  Whether we are, or aren't patent trolls, whatever that term means, isn't the issue. . . .

(*See* Hansen Decl., ¶¶ 15-16 and **Exhibit 15 to Exhibit A**, p. 2.)

Personal Audio letterhead purports that Personal Audio's address is in Beaumont, Texas.

(*See* Hansen Decl., ¶ 17 and **Exhibit 10 to Exhibit A**, ¶ 57 and **Exhibits 72, 73, and 74 to Exhibit A**.)  However, as the Federal Circuit has noted:

> To be sure, the status of Personal Audio, LLC, as a Texas corporation is not entitled to significant weight, inasmuch as the company's presence in Texas appears to be both recent and ephemeral - its office is apparently the office of its Texas litigation counsel, and it appears not to have any employees in Texas.

*See In re Apple Inc.*, 374 Fed. Appx. 997, 999 (Fed. Cir. 2010).

As recently as July 15, 2013, Personal Audio represented to Judge Gilstrap in a different case on other patents, inter alia, that Personal Audio had only one permanent employee who works in Houston, outside the Eastern District of Texas.  (*See* Hansen Decl., ¶ 11 and **Exhibit 11 to Exhibit A**.)  Personal Audio further represented to Judge Gilstrap that Personal Audio's only specific connections with the Eastern District of Texas are:

- "Personal Audio, LLC's principal place of business is located at 3827 Phelan Blvd, Suite 180, Beaumont, TX 77707 and can be contacted through a local telephone number whose area code is associated with Beaumont, Texas";

- "A vast majority of Personal Audio, LLC's documents are located in Beaumont, Texas";

- "Personal Audio, LLC paid Texas Franchise Taxes in 2011 and 2012.  In 2011, Personal Audio, LLC paid $29,736 in Franchise Taxes.  In 2012, Personal Audio, LLC paid $46,217 in Franchise Taxes"; and

- "Personal Audio, LLC maintains two bank accounts in Beaumont, Texas with nearly $2 million dollars in the accounts."

(*See* Hansen Decl., ¶ 11 and **Exhibit 11 to Exhibit A**.)

The above representations by Personal Audio were contradicted by declarations from private investigators submitted by the opposing parties.  (*See* Hansen Decl. ¶¶ 12-13 and **Exhibits 12 and 13 to Exhibit A**.)  These private investigator declarations indicate that Personal Audio's purported address at 3827 Phelan Blvd., Suite 180, in Beaumont is merely a rented mailbox at a PostNet store and that Personal Audio's purported "telephone number whose area code is associated with Beaumont, Texas," is routed to Personal Audio's Vice President of Licensing, Richard A. Baker, Jr., of New England Intellectual Property, LLC, in Massachusetts. (*Id.*)

Subsequently, Personal Audio represented to Judge Gilstrap on September 16, 2013, that, inter alia:

- Personal Audio now employs another employee, who allegedly lives and works in the Eastern District of Texas;

- Personal Audio has a "new principal place of business" at "550 Fannin Street, Suite 1313, Beaumont, TX 77701";

- In a slight change from the facts stated by Personal Audio on July 15, 2013 (**Exhibit 11 to Exhibit A**), "A majority of Personal Audio, LLC's documents are located in Beaumont, Texas and Houston, Texas. Personal Audio's original documents are located in a storage location in Beaumont, TX. There are three bankers boxes filled with invention notes and other hand written materials"; and

- "Personal Audio will soon move the documents from storage to a secure location on the new premises. Electronic documents, including documents produced in previous litigation in the Eastern District of Texas, are currently located on a hard drive in Personal Audio's Branch Houston office. These documents are being moved to Beaumont this week."

(*See* Hansen Decl., ¶ 14 and **Exhibit 14 to Exhibit A**.)

### B.    The Patents-in-Suit

As of the date Fuhu filed the California action, August 1, 2013, no other litigation regarding the Patents-in-Suit was pending against Fuhu or any other entity. (Hansen Decl., ¶ 7.)

Previously, as alleged in Personal Audio's Complaint at Paragraph 6, this Court presided over litigation on the Patents-in-Suit in *Personal Audio, LLC v. Apple Inc. et al.*, Civil Action No. 9:09CV111 ("Apple case"). The Court construed the claims of the Patents-in-Suit in the Apple case in Memorandum Opinions and Orders dated December 21, 2010 (Docket No. 258), January 31, 2011 (Docket No. 292), and May 18, 2011 (Docket No. 358).

However, subsequent to the Court's previous claim construction rulings in the Apple case, reexamination proceedings regarding the Patents-in-Suit were conducted and concluded. The U.S. Patent and Trademark Office issued a Reexamination Certificate for the '076 patent on November 30, 2012. (*See* **Exhibit 5 to Exhibit A**, last two pages.) In reexamination proceedings regarding the '178 patent, the '178 patent was under final rejection when the reexamination proceedings were terminated in February 2012 for procedural reasons unrelated to

the merits.  (*See* **Exhibit 78 to Exhibit A** (Office Action dated April 16, 2010, rejecting all claims), **Exhibit 79 to Exhibit A** (Action Closing Prosecution dated March 7, 2011), and **Exhibit 80 to Exhibit A** (Decision Granting Petition to Terminate and Dismissing as Moot Remaining Petitions dated February 22, 2012).)

As such, regardless of whether this dispute is before this Court or the court in the Central District of California, either court will need to analyze thousands of pages of reexamination prosecution histories that now form part of the intrinsic record of the Patents-in-Suit that was not before this Court during its previous claim construction analysis.

### C.  The Parties' Dispute and Ensuing Litigation

On February 5, 2013, Personal Audio sent a letter to Fuhu notifying it of the Patents-in-Suit and the previous litigation against others and implicitly threatening to bring a patent infringement action against Fuhu.  (*See* Hansen Decl., ¶ 17 and **Exhibit 10 to Exhibit A**.)  The parties conducted extensive licensing discussions in an effort to resolve the matter between February 2013 and August 2013.  (*See* Hansen Decl., ¶¶ 18-39 and **Exhibits 10, 16, and 17 to Exhibit A**.)

To protect its rights, on August 1, 2013, Fuhu filed the California action seeking a declaratory judgment that Fuhu is not liable for infringement of properly construed, valid, and enforceable claims of the Patents-in-Suit and that the properly construed claims of the Patents-in-Suit are invalid.  (*See* Exhibit F to Personal Audio's Complaint (Docket No. 1-6).)  Almost two weeks later, on August 13, 2013, Personal Audio filed this action.

### III.    ARGUMENT

#### A.    Applicable Legal Principles

##### 1.    First-To-File Rule

Under governing Federal Circuit law, the first-to-file rule "favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Accordingly, as a general matter, "a first-filed declaratory judgment action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938. The rule is longstanding and well established in the federal courts and has been applied in patent cases consistently for generations. *See, e.g., Smith v. McIver*, 22 U.S. 532, 535 (1824) (Marshall, C.J.) ("[T]he court which first has possession of the subject must decide it."); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) (rule "applies, we think, with especial force to patent suits . . . brought under the Declaratory Judgment Act"); *Kerotest Mfg. Co. v. C.O. Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952) (approving Third Circuit's application of First-To-File Rule to patent infringement case).

This rule "rests on principles of comity and sound judicial administration," and exists "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999), quoting *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). The rule also is necessary to protect the "presumptive right of the first litigant to choose the forum." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1082-83 (Fed. Cir. 1989).

In deciding whether to apply the First-To-File Rule, the court in the second-filed action should examine whether the earlier and later actions are so duplicative, or involve such substantially similar issues, that one court should decide all the issues in both actions. *Huntsman*

*Corp. v. International Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384, at *4 (E.D. Tex. April 22, 2008); *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006).  The required duplication is established where, as here, the issues in the two lawsuits are identical.  *See Laboratories Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004).

The court in the first-filed action may then determine the proper venue for the case to proceed.  That issue should not be addressed by this Court; rather, "[o]nly the first issue [the issue of duplication, as explained in the prior paragraph] is for the second-filed court to decide." *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 845 (S.D. Miss. 2006), following *Cadle Co.*, 174 F.3d at 605-06, and *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *accord, e.g., West Gulf*, 751 F.2d at 730; *Huntsman*, 2008 WL 1836384, at *5; *Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1044 (N.D. Ohio 2001).  At that point, the first-filed court may consider any venue issues.

### 2.     Personal Jurisdiction

In the context of patent infringement litigation, an assertion of general personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state," and that such activity will "confer[] [general] personal jurisdiction even when the cause of action has no relationship with those contacts."  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1331-1332 (Fed. Cir. 2008) (citations omitted).  With respect to specific jurisdiction, the Federal Circuit employs a three-prong test to determine whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.  *Id*. The burden is on the plaintiff to establish the first two factors and, if the plaintiff meets its burden, the burden shifts to the defendant with respect to the third factor.  *Id*.

### B. The First-To-File Rule Applies Here

Personal Audio filed this action against Fuhu on August 13, 2013, nearly two weeks after Fuhu filed its declaratory judgment action against Personal Audio in the Central District of California. This action raises the exact same issues as the California action: whether Fuhu's nabi® tablet computers infringe the Patents-in-Suit and whether the Patents-in-Suit are invalid. (*Compare* Personal Audio's Complaint (Docket No. 1) and Fuhu's Complaint attached as Exhibit F to Personal Audio's Complaint (Docket No. 1-6).)

It is well established that where, as here, the two pending actions involve allegations of infringement of the same patent by the same product, the duplication requirement is satisfied. *See, e.g., Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008); *Girafa.com, Inc. v. Alexa Internet, Inc.*, No. C-08-02745 RMW, 2008 WL 4500858, at *7 (N.D. Cal. Oct. 6, 2008); *Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*, No. 3:08cv0279, 2008 WL 3472181, at *6 (M.D. Tenn. Aug. 8, 2008); *Tiber Labs., LLC v. Cypress Pharm., Inc.*, No. 2:07-CV-0014-RWS, 2007 WL 3216625, at *2 (N.D. Ga. May 11, 2007). Thus the court in California should decide any issues of jurisdiction and/or proper venue.

### C. Dismissal or, Alternatively, Stay or Transfer Are Appropriate Remedies Pursuant to the First-To-File Rule

Where the First-To-File Rule applies, dismissal, stay, and transfer may each be appropriate remedies depending on the circumstances. *See West Gulf*, 751 F.2d at 729 n.1, 730; *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 405 (5th Cir. 1971); *Bridgelux, Inc. v. Cree, Inc.*, No. C 06-6459 PJH, 2007 WL 2022024, at *5 (N.D. Cal. July 9, 2007). In patent actions like this one, "courts have routinely dismissed subsequently filed actions by patentees in favor of first-filed declaratory actions . . . ." *Bowe, Bell + Howell Co. v. Midsouth Techs.*, LLC, No. Civ. A. 05C-571, 2005 WL 1651167, at *3 (N.D. Ill. June 30, 2005); *see Shire*, 543 F. Supp. 2d at

411 (dismissing second-filed action); *Burger v. American Mar. Officers Union*, No. Civ. A. 97-2085, 1999 WL 223164, at *1 (E.D. La. April 14, 1999) (noting that Fifth Circuit affirmed district court's dismissal of second-filed action but directed that it be without prejudice).

Some courts have reasoned that dismissal (rather than a stay) is appropriate where, as here, no impediment exists that might prevent the action from going forward in the first forum. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627, 628-29 (9th Cir. 1991) (appropriate to stay, rather than dismiss, where possible jurisdictional or statute-of-limitations problem could prevent first suit from proceeding); *Bridgelux*, 2007 WL 2022024, at *5 (retaining jurisdiction over claims as to which personal jurisdiction was questionable in first forum, but dismissing other claims). Here, there is no impediment to Personal Audio's assertion in California of a compulsory counterclaim for infringement. *See* Fed. R. Civ. P. 13(a). Further, as Fuhu's First Amended Complaint in the California action demonstrates, the California court has jurisdiction and is a proper venue. (*See* Hansen Decl., ¶ 2 and **Exhibit A**.)

Courts in this Circuit also have regularly transferred or stayed second-filed actions under the First-To-File Rule. *See, e.g., Huntsman*, 2008 WL 1836384, at *5 (transferring); *Tiber*, 2007 WL 3216625, at *3 (same); *Street*, 456 F. Supp. 2d at 768 (same); *First Sw. Vending & Food Serv. v. Solo Cup. Co.*, No. Civ. A. 3:07-CV-1936-D, 2008 WL 1757822, at *6 (N.D. Tex. April 9, 2008) (staying); *Tesco Corp. v. Vesco I/P, Inc*., No. Civ. A. H-5-2118, 2006 WL 2022912, at *3 (S.D. Tex. July 17, 2006) (same); *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 646 (N.D. Tex. 2004) (same); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993) (same). Accordingly, as an alternative to dismissal, the Court also could either stay or transfer this action to the Central District of California.

In addition to the First-To-File Rule, transfer to the Central District of California also would be required under 28 U.S.C. § 1404(a) because of the much greater proximity to California than to Texas of the parties, the likely witnesses (including third-party witnesses), and the sources of discovery in this action. (*See* Moschella Decl., ¶¶ 3 and 7-14 (Fuhu's California ties); Hansen Decl., ¶ 9 and **Exhibit 77 (at p. 6) to Exhibit A** (California Android® developer Google); ¶¶ 40-51 and **Exhibits 32, 33, 34, 37, 40, 41, 42, 43, and 44 to Exhibit A** (California expert Dr. Almeroth); and ¶¶ 52-57 and **Exhibits 53, 56, 57, 58, 60, 61, 70, 71, 72, 73, 74, and 77 (at p. 75) to Exhibit A** (California licensees and licensing targets).)

Indeed, as this Court stated to Apple's counsel in the previous, now-concluded litigation regarding the Patents-in-Suit against Apple, referring to Apple's unsuccessful motion to transfer the previous litigation from the Eastern District of Texas to the District of Massachusetts:

> ***Just think. If you had asked to transfer venue to California where you were instead of Massachusetts where nobody was, a wise judge could be handling all of this right now.***

(*See* Hansen Decl., ¶ 8 and **Exhibit 4 to Exhibit A** at page 50, lines 12-15 (emphasis added).)

As Fuhu's home district in the state where not only the accused nabi® tablets but also their Android® operating system were designed and developed and a key fact witness, Dr. Almeroth, resides, the Central District of California is a clearly more convenient venue for this action than the Eastern District of Texas. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Because of the rule that the court with the first-filed case should determine venue, Fuhu has not submitted herewith a motion under Section 1404(a). Nevertheless, some of the indisputable facts relevant to the Section 1404(a) convenience analysis, which help form the context in which the present motion is made, are set forth briefly below. These facts include that

- Fuhu is a California corporation headquartered in California (Moschella Decl., ¶ 3);

- The vast majority of Fuhu's employees, including those involved in the design, development, marketing, and sales of the accused nabi® tablets, are located at Fuhu's California offices (Moschella Decl., ¶ 7);

- Substantially all documents and other evidence relevant to infringement are located in California (Moschella Decl, ¶ 8; Hansen Decl., ¶ 9 and **Exhibit 77 to Exhibit A** at p. 6);

- A major third-party witness regarding the invalidity of the Patents-in-Suit and the reexamination proceedings on them, Dr. Almeroth, is a longtime resident of California (Hansen Decl., ¶¶ 40-51 and **Exhibits 32, 33, 34, 37, 40, 41, 42, 43, and 44 to Exhibit A);**

- Extensive evidence relevant to licensing of the Patents-in-Suit, and thus damages in this case, is located in California (Hansen Decl., ¶¶ 52-57 and **Exhibits 53, 56, 57, 58, 60, 61, 70, 71, 72, 73, 74, and 77 (at p. 75) to Exhibit A**);

- The Central District of California is less congested than the Eastern District of Texas (Hansen Decl., ¶ 58 and **Exhibit 84 to Exhibit A**); and

- Neither party has substantial connections to the Eastern District of Texas (Moschella Decl., ¶¶ 9-14; Hansen Decl., ¶¶ 11-14 and **Exhibits 11-14 to Exhibit A**).

Under similar circumstances, the Federal Circuit in *In re Verizon Bus. Network Servs.*, 635 F.3d 559, 561-62 (Fed. Cir. 2011), granted a writ of mandamus ordering the transfer of a case where, as here,

> [T]here is a stark contrast in convenience and fairness with regard to the identified witnesses, [with] many witnesses resid[ing] within 100 miles of the [Central District of California] and would also be subject to the [Central District of California's] subpoena powers.  Meanwhile, it is undisputed that no witness resides within 100 miles of the [Eastern District of Texas].  Thus, maintaining trial in the [Eastern District of Texas] would require witnesses to undergo the cost, time, and expense of travel, which would be significantly reduced if this case was transferred to the [Central District of California].

***

> [The patentee's documents located in the Eastern District of Texas] are artifacts of its prior litigation and [] it has no employees in its offices in the Eastern District of Texas [as of its July 15, 2013, representations to Judge Gilstrap].

***

The Eastern District of Texas would have to relearn a considerable amount based on the lapse in time between [the prior and current] suits and would likely have to familiarize itself with reexamination materials that were not part of the record during the previous suit.

*** 

[And] there is no assertion that there is an additional pending lawsuit in the Eastern District involving the patent and technology.

*Id.*

Judicial economy based on this Court's previous handling of the Apple case is the only basis that Personal Audio asserts for maintaining this case in this venue. (Complaint (Docket No. 1), ¶ 6.) However, the Federal Circuit held in *In re Verizon* that "To interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)." *Id.* Absent any other pending lawsuit in the Eastern District of Texas, as here, the Federal Circuit in *In re Verizon* deemed "the Eastern District's previous claim construction in a case that settled . . . years before the filing of this lawsuit to be too tenuous a reason to support denial of transfer." *Id.* Again, while the court in California should consider any § 1404(a) issues (*see* pp. 7-9, supra), these clear facts may bear on this Court's consideration of the issues raised by this motion.

**D.    This Action Should Be Dismissed For Lack of Personal Jurisdiction Independent of the First-To-File Rule**

With respect to personal jurisdiction, Personal Audio's Complaint contains only one conclusory paragraph, Paragraph 7, which asserts that Fuhu allegedly is subject to personal jurisdiction without alleging any specific facts in support. Paragraph 7 of Personal Audio's Complaint states:

On information and belief, FUHU is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business,

engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.  See Exhibit A.

(*See* Complaint (Docket No. 1), ¶ 7.)  The exhibit cited in Paragraph 7, Exhibit A to Personal Audio's Complaint, is a copy of a Walmart Web page listing Fuhu's products available at Walmart.

To the extent that Personal Audio asserts personal jurisdiction under a stream of commerce theory, such a theory is not viable under recent case law from the Supreme Court and the Federal Circuit.  In *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358 (Fed. Cir. 2012), Federal Circuit Chief Judge Rader concluded that "the mere recitation of the stream of commerce theory is insufficient for a court's exercise of jurisdiction."  *Id*. at 1368 (Rader, J., concurring).

Judge Rader reached this conclusion by observing that the Supreme Court concurrence in the current governing case on personal jurisdiction, *McIntyre Machinery, Ltd., v. Nicastro*, 131 S. Ct. 2780 (2011), cited Justice O'Connor's test "requiring 'something more' than simply placing 'a product into the stream of commerce,' even if defendant is 'awar[e]' that the stream 'may or will sweep the product into the forum State.' "  *AFTG-TG*, 689 F.3d at 1367 (Rader, J., concurring).  Judge Rader continued:

> Emphasis on assessing the presence of "something more" would clarify the muddled "stream of commerce" concept. . . .  This court should examine the pleading and record to see if it evinces "something more" than a single sale or placement of goods into the stream of commerce (with knowledge that a sale may take place in the target forum state).
>
> Consequently, from that vantage point, Beverly Hills Fan, with its **unfettered reliance on a "stream of commerce" theory, is now shaky precedent to the extent that it runs counter to the McIntyre decision.**

*Id*. at 1368, questioning *Beverly Hills Fan Co. v. Royal Sovereign Corp*., 21 F.3d 1558, 1565 (Fed. Cir. 1994).

Personal Audio's pleading provides nothing but a stream of commerce theory without the "something more" that Judge Rader and the Supreme Court's *McIntyre* concurrence require. In fact, the record shows that Fuhu has not purposefully directed activities at the Eastern District of Texas sufficient to support personal jurisdiction. (*See* Moschella Decl., ¶¶ 9-14.) Personal Audio thus has not met its burden to establish personal jurisdiction. *See, e.g., Avocent*, 552 F.3d at 1331-32. Accordingly, this case should be dismissed for lack of personal jurisdiction independent of the first-to-file rule.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss this action pursuant to the first-to-file rule and for lack of personal jurisdiction.

Dated: October 7, 2013

Of Counsel:

Shawn G. Hansen
California State Bar No. 197033
(Admitted *pro hac vice*)
shansen@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Respectfully submitted,

By: ___*/s/ J. Thad Heartfield*_____
J. Thad Heartfield
Texas State Bar No. 09346800
thad@jth-law.com
M. Dru Montgomery
Texas State Bar No. 24010800
dru@jth-law.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789

*Attorneys for Defendant*
FUHU, INC.

## CERTIFICATE OF CONFERENCE

By telephone on September 25, 2013, and e-mails dated between August 23, 2013, and September 25, 2013, Shawn Hansen, counsel for Fuhu, discussed the requested relief with Brad Liddle, General Counsel for Personal Audio, and proposed as an alternative to the filing of this motion that the parties stipulate to a temporary stay of this action pending the California court's determination of Personal Audio's pending motion to dismiss or to transfer venue to this Court, consistent with this Court's ruling in *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772 (E.D. Tex. 2009). (*See* Hansen Decl., **Exhibit B**.) Personal Audio would not agree to that proposal or to the relief requested herein. (*Id.*)

*/s/ Shawn G. Hansen*
Shawn G. Hansen

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 7th day of October, 2013.

*/s/ J. Thad Heartfield*
Thad Heartfield