# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| Plaintiff, | |
| **v.** | **CIVIL ACTION NO. 1:13-cv-00513-RC** |
| **FUHU, INC.** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFF PERSONAL AUDIO, LLC'S RESPONSE TO
## DEFENDANT FUHU, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.     Introduction.................................................................................1

II.    Statement of Facts......................................................................2

       A.     Personal Audio and its patents ..........................................2

       B.     The Parties' negotiations and ensuing litigation .............................2

III.    Argument .....................................................................................3

       A.     The first-to-file rule does not warrant dismissal or transfer of this action ........................................................................5

             1.     The first-to-file rule is discretionary and is subject to several equitable exceptions ...................................5

                   a.     Anticipatory suit/forum shopping exception...............7

                   b.     Convenience of parties and witnesses/access to proof........................................................................ 12

             2.     The first-to-file rule does not apply to the circumstances of this action.................................. 13

                   a.     Fuhu's inequitable conduct bars it from relying on the first-to-file rule................................... 13

                   b.     The Court's prior experience with the Patents in Suit favors retention of this action on the Court's docket.................................................................... 14

                   c.     Convenience and access to proof also favor retention of this action on this Court's docket ......... 15

       B.     This Court has personal jurisdiction over Fuhu ............................ 16

             1.     The stream of commerce theory remains viable under recent Supreme Court authority ......................... 18

2.    Fuhu has purposefully availed itself of the privilege of conducting activities in Texas................................................ 18

3.    The exercise of specific jurisdiction over Fuhu is reasonable.............................................................................. 21

IV.   Conclusion ................................................................................. 22

# INDEX OF AUTHORITIES

## <u>CASES</u>

*Akro Corp v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995) ...............................................17

*Alltrade, Inc.,* 946 F.2d 622 (9th Cir.1991) ..........................................................6, 7

*Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661 (5th Cir.1967) .....................7

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026 (1987)......................................................................18, 19

*Avocent Huntsville Corp. v. Aten Int'l. Co.*, 552 F.3d 1324 (Fed. Cir. 2008).........17

*Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155 (W.D. N.Y. 1987) ...........8

*China Healthways Institute Inc. v. Hsin Ten Enterprise USA Inc.*, 67 U.S.P.Q.2d 1561, 2003 WL 21982477 (C.D. Cal. 2003) ....................................................9

*Church of Scientology v. U.S. Dep't of the Army,* 611 F.2d 738 (9th Cir. 1979)......6

*Federation Internationale De Football Ass'n v. Nike, Inc.*, 285 F. Supp. 2d 64 U.S.P.Q.2d 1849 (D.D.C. 2003)......................................................................8

*Galileo Int'l Partnership v. Global Village Communication, Inc.*, 40 U.S.P.Q.2d 1690, 1996 WL 452273 (N.D. Ill. 1996).........................................................9

*Genentech, Inc. v. Eli Lilly & Co*., 998 F.2d 931 (Fed. Cir. 1993) ..........................7

*Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.,* 844 F. Supp. 1163 (S.D. Tex. 1994)...................................................................................................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).............17

*Heritage House, Inc. v. Franklin Mint Corp*., 229 U.S.P.Q. 154, 1986 WL 6181 (M.D. Tenn. 1986)..........................................................................................8

*In Re Verizon Business Networks Services*, 635 F.3d 559 (Fed. Cir. 2011)............14

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................17

*Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288 (9th Cir.1997)............................12

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180,
72 S.Ct. 219(1952)..........................................................................................5

*Koch Engineering Company, Inc. v. Monsanto Company,* 621 F. Supp. 1204 (D.C. Mo. 1985) .......................................................................................................10

*Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.*, 82 U.S.P.Q.2d 1857, 2007 WL 1139582 (E.D. La. 2007)......................................................9

*McIntyre Machinery, Ltd. v. Nicastro,* 131 S. Ct. 2780 (2011)........................18, 19

*Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599 (5th Cir.1983)...............7

*NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642, 30 U.S.P.Q.2d 1546 (D. Or. 1994)...8

*909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F. Supp. 1290 (S.D. Tex. 1990)........................................................................................................10

*Northwest Airlines v. American Airlines,* 989 F.2d 1002 (8th Cir. 1993)................8

*Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93 (9th Cir. 1982) ......................6

*Personal Audio, LLC v. Apple, Inc.* (Case No. 9:09-CV-00111-RC (E.D Tex. 2011)) .............................................................................................2

*Personal Audio, LLC v. Apple, Inc.*, No. 9:09-v-00111, 2011 WL 3269330 (E.D. Tex. July 29, 2011) ........................................................................................ 14

*Posven, C.A. v. Liberty Mut. Ins. Co.,* 303 F. Supp. 2d 391 (S.D. NY 2004) .......... 16

*Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037 (Fed. Cir. 1995) ....................7, 11, 12

*Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 267 F. Supp. 938 (S.D. N.Y. 1967) ...............................................................................................................12

*Tempco Electric Heater Corporation v. Omega Engineering, Inc.,* 819 F.2d 746 (7th Cir. 1987) ................................................................................11

*Trading Technologies Int'l, Inc. v. CQG, Inc.*, No. 05-C-4811, 2005 WL 3601936 (N.D. Ill. Oct. 31, 2005) ................................................................11

*Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340 (Fed. Cir. 2010)..11

*Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805 (1964) ....................................12

*Ward v. Follett Corp.,* 158 F.R.D. 645 (N.D. Cal. 1994) ................................6, 7, 15

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ......................................................7

*World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559 (1980)................................................................................................18

## STATUTES

28 U.S.C. § 1404(a) ...........................................................................................7, 12

# I.
# INTRODUCTION

Plaintiff Personal Audio, LLC ("Personal Audio"), a Texas limited liability company with its principal place of business in Beaumont, Texas, determined that Defendant Fuhu, Inc. ("Fuhu") was infringing on two patents owned by Personal Audio: United States Patent No. 6,199,076 ("the '076 patent") and United States Patent No. 7,509,178 ("the '178 patent")—both of which were the subject of several prior actions before this Honorable Court. Personal Audio notified Fuhu of its infringement, and the parties began negotiating a non-exclusive patent license to avoid litigation. Without warning, and in blatant breach of the parties' agreement to keep the negotiations confidential, Fuhu raced to the courthouse and filed an action in the Central District of California for declaratory judgment of non-infringement. Shortly thereafter, Personal Audio filed the present action for patent infringement in this Court. Personal Audio also promptly filed a Motion to Dismiss or Transfer the California Complaint.

Fuhu has now filed a Motion to Dismiss Personal Audio's Complaint in this Court based on two grounds: (1) the first-to-file rule; and (2) for lack of personal jurisdiction. Fuhu's Motion lacks merit and should be denied. Indeed, the first-to-file rule is discretionary and should not be applied when equitable exceptions exist, as in the present case. Further, Fuhu not only places its products in the stream of commerce and purposefully avails itself of the Texas market by contracting with

nationwide retailers like Walmart, Target, and Best Buy, it also directly markets its products in Texas.

## II.
## STATEMENT OF FACTS

### A.    Personal Audio and its patents

Personal Audio is a Texas business that owns five patents that describe a series of innovations designed to provide users a personalized audio or video experience using a media-enabled device connected to the internet.  *See* Exhibit A, Declaration of Brad Liddle ("Liddle Decl.") ¶¶2,6.  Among the five patents are the '076 patent and the '178 patent (collectively the "Patents-in-Suit").  *Id*.  Personal Audio has issued nonexclusive licenses for the Patents-in-Suit, but it does not buy patents and it does not aggregate patents.  *Id.* at ¶7.  Personal Audio is not a patent troll as labeled by Fuhu in its Motion.

In 2011, the Patents-in-Suit were deemed valid following a jury trial in *Personal Audio, LLC v. Apple, Inc.* (Case No. 9:09-CV-00111-RC (E.D Tex. 2011)) ("Apple Action"), presided over by this Honorable Court.  *Id.* at ¶8.  During that action, the Court appointed a technical advisor to assist with the complexities of the Patents-in-Suit and to educate the court on the overarching technology involved.  The Court also required the parties to submit technology synopses, or tutorials, to assist in construction of the Patents-in-Suit's claims, which the Court construed in three separate orders.  (*See* Dkt. Nos. 258, 292, and 358). During the

Apple Action, there were two reexamination proceedings before the United States Patent and Trademark Office ("USPTO") in Washington D.C. Liddle Decl. ¶8. The two reexaminations of the Patents-in-Suit were successful and this Court was fully briefed on those proceedings. *Id.* In addition to the Apple Action, this Court also presided over several other claims involving the Patents-in-Suit from 2009 through April 2013. More particularly, on September 9, 2011, Personal Audio defended its Intellectual Property by filing suit against Samsung, HTC, RIM, and Motorolla in a case styled *Personal Audio, LLC v. Samsung Electronics Co., Ltd. et al* (Case No. 1:11-CV-00432-RC (E.D. Tex.)). Liddle Decl. ¶9. That action, again in front of this Honorable Court, was fully disposed of in April 2013, a mere six months ago.

## B.    The Parties' negotiations and ensuing litigation

Fuhu makes and sells devices (including the nabi 2, nabi Jr., and nabi XD tablet) which, on information and belief, infringe one or more of claims of the '076 and '178 patents. On February 5, 2013, Richard Baker, President of New England Intellectual Property, LLC[1], sent a letter to Fuhu advising of its infringement and inviting Fuhu to take a license for the Patents-in-Suit to avoid litigation. *See* Exhibit B, Declaration of Richard Baker ("Baker Decl.") at ¶2.

On February 15, 2013, Fuhu's attorney in this action, Shawn G. Hansen,

---

[1]    New England Intellectual Property, LLC is contracted with Personal Audio to provide licensing and other services.

asked for additional information, which Personal Audio agreed to provide subject to a confidentiality agreement. *Id.*

On February 26, 2013, the parties held an online meeting and Personal Audio then sent Fuhu a draft licensing agreement to review. *Id.* at ¶4. Over the next few months, the parties engaged in negotiations during several telephone calls, some of which were initiated by Mr. Hansen. *Id.* Mr. Baker, Brad Liddle, and Jim Logan participated in these telephone negotiations. *Id.*

In late July, 2013 Personal Audio believed the parties were still engaged in good faith and ongoing confidential negotiations. *Id.* at ¶5. In fact, on July 29, 2013, Fuhu increased the amount of its offer to Personal Audio. *Id.* On July 30, 2013, Personal Audio called Fuhu's attorney Hansen to continue negotiations. *Id.* Attorney Hansen replied, requesting a meeting on July 31, 2013. Since Personal Audio was not available to meet on July 31st, Attorney Hansen suggested a phone call at 1:00 PM PST on August 1, 2013. *Id.* In the August 1, 2013 phone call, Personal Audio lowered the amount of its demand to Fuhu. *Id.* Without warning, Fuhu filed suit later that day in the Central District of California, seeking judicial declarations for non-infringement and invalidity of the Patents-in-Suit (No. CV13-05571 BRO-SH, *Fuhu, Inc. v. Personal Audio, LLC*; in the United States District Court for the Central District of California, Western Division). *Id.* Attorney Hanson conceded to Mr. Baker that he filed suit because Fuhu "wants its own

court." *Id*. at ¶6.

On August 13, 2013, Personal Audio filed this action in the Eastern District of Texas against Fuhu for direct infringement of the Patents-in-Suit. Personal Audio subsequently moved on September 19, 2013 to dismiss the California Complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim, and alternatively to transfer the case to the Eastern District of Texas. (Dkt. No. 14 in CV13-05571 BRO-SH). Fuhu amended its complaint in California (Dkt. No. 17 in CV13-05571 BRO-SH), and Personal Audio subsequently re-filed its Rule 12 motion to dismiss and in the alternative transfer on October 17, 2013. (Dkt. No. 25 in CV13-05571 BRO-SH). Fuhu followed form by filing the present Motion to Dismiss based on the First-to-file rule and lack of personal jurisdiction (Dkt. No. 9).

### III.
### ARGUMENT

**A. The first-to-file rule does not warrant dismissal or transfer of this action.**

    **1. The first-to-file rule is discretionary and is subject to several equitable exceptions.**

There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 185–86, 72 S.Ct. 219, 222 (1952).

The district court may transfer, stay, or dismiss an action under these circumstances. *Alltrade, Inc.,* 946 F.2d 622, 628 (9th Cir.1991). The underlying purpose of the first-to-file rule is to promote efficiency and should not be disregarded lightly. *Church of Scientology v. U. S. Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1979); *Alltrade*, 946 F.2d at 625.

However, the first-to-file rule is discretionary. *Alltrade*, 946 F.2d at 627-28. It is not to be mechanically applied, but "rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982). Circumstances and modern judicial reality may demand that courts follow a different approach from time to time. *Id*. The goal is the avoidance of both an unnecessary burden on the federal judiciary and of conflicting judgments. *Church of Scientology,* 611 F.2d at 750.

Three threshold factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc.,* 946 F.2d at 625–26; *Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D. Cal. 1994). However, even if the first-to-file rule is found to be applicable in a given case, the court may still decide to dispense with the rule for equitable reasons. *Id*.

There are a variety of equitable circumstances under which courts have declined to apply the first-to-file rule. These equitable considerations include the

interests of justice and expediency, and whether a first-filed declaratory judgment is in bad faith, anticipatory and motivated by forum shopping. *See Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), overruled in part on other grounds by, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *see also Alltrade, Inc.,* 946 F.2d at 628. These equitable considerations justify exceptions to the first-to-file doctrine and mirror those considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *See Genentech*, 998 F.2d at 937-38. A court may relax the first-to-file rule if "the balance of convenience weighs in favor of the later-filed action." *Ward,* 158 F.R.D. at 648.

### a.    Anticipatory suit/forum shopping exception

A suit is "anticipatory" for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent. *Ward,* 158 F.R.D. at 648. Such anticipatory suits are disfavored because they are examples of forum shopping. *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n. 3 (5th Cir. 1983); *see also Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir.1967) (filing a declaratory action after receipt of an intent to sue letter favors a finding that the first-filed suit was done for anticipatory, forum shopping purposes).  As such, by recognizing this exception to the first-to-file rule, courts

seek to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum. *Northwest Airlines v. American Airlines,* 989 F.2d 1002, 1007 (8th Cir. 1993).

Following the same reasoning, courts have carved out a good faith "negotiations" exception, whereby the first-to-file rule does not apply if a declaratory judgment action is filed while settlement negotiations are in progress. *See Heritage House, Inc. v. Franklin Mint Corp.*, 229 U.S.P.Q. 154, 1986 WL 6181 (M.D. Tenn. 1986) (court transferred first-filed declaratory judgment action to second-filed infringement lawsuit under an "equitable" good faith negotiations exception to the general rule); *Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155 (W.D. N.Y. 1987) (holding same because "it was inappropriate for Bausch & Lomb to 'raise the sword of litigation' and seek a legal declaration of its rights, when other avenues for resolution of the dispute were open to it." To hold otherwise would discourage good faith negotiations); *see also NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642, 30 U.S.P.Q.2d 1546 (D. Or. 1994) (noting that "NSI took advantage of the fact that Showco had deferred the filing of expensive and probably protracted litigation because of its belief that settlement negotiations were under way."); *Federation Internationale De Football Ass'n v. Nike, Inc.*, 285 F. Supp. 2d 64, 68 U.S.P.Q.2d 1849 (D.D.C. 2003) (court in second-filed suit refused to defer to first-filed declaratory judgment suit because the first action was

filed in the midst of good faith settlement negotiations). The critical issue appears to be whether the plaintiff in the earlier-filed declaratory judgment action misled the defendant into believing that their dispute could be resolved amicably so that the plaintiff could win the race to the courthouse and therefore choose the forum for the dispute. Such a premature filing of a declaratory judgment has been labeled an impermissible "pre-emptive strike." *Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.*, 82 U.S.P.Q.2d 1857, 2007 WL 1139582 (E.D. La. 2007) (dismissing first-filed declaratory judgment suit because it was "filed as a preemptive strike in anticipation" of an infringement suit by the trademark owner during a time when the parties were negotiating a settlement.); *Galileo Int'l Partnership v. Global Village Communication, Inc.*, 40 U.S.P.Q.2d 1690, 1996 WL 452273 (N.D. Ill. 1996) ("It is difficult not to conclude that [the declaratory judgment plaintiff] manipulated the situation so as to delay an all but certain trademark infringement action against it in order to choose its own forum for the dispute … . It is [the declaratory judgment plaintiff] that prolonged the uncertainty by proposing to negotiate while silently filing a declaratory judgment action."); *China Healthways Institute Inc. v. Hsin Ten Enterprise USA Inc.*, 67 U.S.P.Q.2d 1561, 2003 WL 21982477 (C.D. Cal. 2003) (filing a pre-emptive declaratory judgment suit was in bad faith and triggered sanctions because the suit was filed "to avoid the forum that it knew … plaintiff would select. This purpose was

improper.").

Several courts have expressly held that actions for infringement should necessarily take precedence over declaratory judgment actions because the very nature of the declaratory judgment action is indicia of an anticipatory suit. *See 909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F. Supp. 1290 (S.D. Tex. 1990); *see also Serco Servs. Co.*, 51 F.3d at 1039 (noting there is no absolute right to a declaratory judgment action). In *909 Corp.,* the district court articulated persuasive reasons for departing from the first-to-file rule in declaratory judgment versus infringement cases:

> [C]ourts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial on the same issues in a court of coordinate jurisdiction. (Citations omitted). The Court cannot allow a party to secure a more favorable forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum.

*Id.* at 1292. Likewise in *Koch Engineering Company, Inc. v. Monsanto Company,* 621 F. Supp. 1204, 1206 (D.C. Mo. 1985), the court rejected the first-to-file rule, holding that the plaintiff's suit was no more than a race to the courthouse, and that it furthered none of the purposes of a declaratory judgment action. Rather, it denied the injured party the right to choose the forum in which to seek redress. *Id. Koch* concluded that the interests of comity and judicial economy would best be

served by dismissing the prior suit for declaratory judgment. *Id.* at 1208.

In another declaratory judgment case, *Tempco Electric Heater Corporation v. Omega Engineering, Inc.,* 819 F.2d 746 (7th Cir. 1987), the court also deferred to the later-filed infringement action, stating:

> [T]he mere fact that Tempco filed its declaratory judgment action first does not give it a "right" to choose a forum ... As we have noted before, "The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or choose a forum." (Citation omitted). "[T]he federal declaratory judgment is not a prize to the winner of the race to the courthouse." (Citation omitted).

*Id.* at 749-50.

The *Tempco* court went on to state that while a first-to-file rule would have the virtue of certainty, "the cost—a rule which will encourage an unseemly race to the courthouse and quite likely numerous unnecessary suits—is simply too high." *Id.* at 750; *see also Serco Services,* 51 F.3d at 1039-40 (affirming dismissal of first-filed declaratory judgment action partly because it was filed in anticipation of infringement suit); *Trading Technologies Int'l, Inc. v. CQG, Inc.*, No. 05-C-4811, 2005 WL 3601936 (N.D. Ill. Oct. 31, 2005), aff'd sub nom., *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340 (Fed. Cir. 2010) (explaining that a relevant consideration in declaratory judgment cases is whether the case involves a "race to the courthouse in contravention of the purposes of the Declaratory Judgment

Act.").

### b. Convenience of parties and witnesses/access to proof

Since the first-to file rule will not always yield the most convenient and suitable forum, the trial court must also weigh the factors used in transfer analysis under 28 U.S.C. § 1404(a). Convenience of the parties and witnesses is one factor in determining whether to transfer an action to another forum. 28 U.S.C. § 1404(a); *see also Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 267 F. Supp. 938 (S.D. N.Y. 1967) (transferring first-filed declaratory judgment action to patent infringement action because convenience inherent in the later-filed court outweighed the priority of filing); *Serco Services*, 51 F.3d at 1040 (affirming dismissal of first-filed declaratory judgment action partly because of the convenience of the parties). The convenience of nonparty witnesses is also an important factor to consider in determining whether to transfer a case to another forum. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.,* 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). Additionally, relative ease of access to proof may be considered in deciding whether to transfer an action. *Van Dusen v. Barrack,* 376 U.S. 612, 643, 84 S.Ct. 805, 822–23, 11 L.Ed.2d 945 (1964). The district court is vested with a substantial degree of discretion in determining whether or not to transfer for these reasons. *Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1302 (9th Cir.1997).

### 2. The first-to-file rule does not apply to the circumstances of this action.

As a preliminary matter, the first-to-file rule does not apply because it is based on the premise that two or more courts have concurrent jurisdiction over the same subject matter. As demonstrated in Personal Audio's briefing filed in the Central District of California, Personal Audio is not subject to personal jurisdiction in California. *See* Exhibit C, Memorandum of Points and Authorities in Support of Personal Audio's Motion to Dismiss First Amended Complaint or Transfer. Regardless of jurisdiction, the first-to file-rule should not be applied to the facts of this case.

### a. Fuhu's inequitable conduct bars it from relying on the first-to-file rule.

Departure from the first-to-file rule is warranted in this case based on the anticipatory filing of Fuhu's Complaint in California. Fuhu's California Complaint was an obvious attempt to forum shop. Fuhu had notice of Personal Audio's intent to litigate if the parties' did not resolve their infringement dispute. Baker Decl. at ¶2. Further, the parties were in the midst of on-going settlement negotiations when Fuhu blind-sided Personal Audio by racing to the courthouse to choose its forum. *Id*. at ¶¶5,6. These are precisely the types of circumstances in which courts have refused to adhere to the first-to-file rule. This Court should do so as well.

### b. The Court's prior experience with the Patents in Suit favors retention of this action on the Court's docket.

This Honorable Court previously presided over the Apple Action and several other cases involving the Patents-in-Suit. During those actions, the Court gained an intimate knowledge of the Patents-in-Suit, such that in the Apple Action the Court noted that they both "stem from the same application," "share the same forty-five-column specification," and are "technically complex" patents that include "computer-implemented means-plus-function limitations with software algorithms as corresponding structure." *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-v-00111, 2011 WL 3269330 (E.D. Tex. July 29, 2011). Thus, while both the districts are equally capable of applying patent law, the interests of justice and judicial economy would be better served by having this action heard in the Eastern District of Texas, where vast amounts of judicial time and resources have already been spent on understanding the Patents-in-Suit. The interests of justice would not be served by having the California court and the litigants repeat this process, while the Eastern District's previous efforts are squandered.

Fuhu questions this Court's intimate knowledge of the Patents-in-Suit by citing *In Re Verizon Business Networks Services*, 635 F.3d 559, 562 (Fed. Cir. 2011). However, the *Verizon Business Networks* case is distinguishable. There, the Federal Circuit determined that a district court erred in denying a transfer because it had presided over claim construction of the same patent in a case that

settled "more than five years" earlier. *Id.* But here, the Court's knowledge of the Patents-in-Suit has not grown stale. To the contrary, in the last three years, the Court has conducted a Markman hearing, appointed a technical advisor, construed numerous terms, conducted a jury trial, and entertained pre-and-post trial motions, all regarding the Patents-in-Suit. Nor is it the case that the Court must familiarize himself with reexamination materials. The two reexamination proceedings of the Patents-in-Suit occurred during the Apple Action and the Court was briefed on the events of those proceedings during that Action. (Dkt. 395 in 9:09-CV-00111-RC). Thus, the Court's comprehensive, lengthy, and recent experience with the Patents-in-Suit ensures that maintenance of the action in the Eastern District of Texas would promote efficiency and judicial economy.

   c.    **Convenience and access to proof also favor retention of this action on this Court's docket.**

A court may also refuse to apply the first-to-file rule "if the balance of convenience weighs in favor of the later-filed action." *Ward,* 158 F.R.D. at 648. The first-to-file rule should be disregarded here because this Court is a more convenient forum. Fuhu fails to provide any evidence that having this action heard in this Court would be more costly or less convenient for *all* parties and witnesses. The opposite is true. As described above, the Court in the Eastern District of Texas is already familiar with the technology. Hearings are likely to be shorter or dispensed with entirely on issues such as tutorials or claim construction. Moreover,

while Fuhu calls Personal Audio's residence a "sham," the fact remains that Personal Audio's maintains an office and employees in Texas. Liddle Decl. ¶¶1-5. Personal Audio's hard-copy documents are located in Beaumont, Texas. *Id.* at ¶5. Personal Audio's electronic documents, including documents used in past litigation, are also located in Beaumont. *Id.* That Personal Audio was temporarily using a P.O. Box mailing address while they were relocating their office space does not negate the fact that Personal Audio has operated from, and has never left, the Eastern District of Texas. Moreover, litigating in California will not be more convenient for Fuhu, as it will likely seek discovery from witnesses in Texas as well as from the United States Patent and Trademark Office in Washington D.C.

Finally, Fuhu argues that the Central District of California is the more convenient forum because that court's docket is less congested. Court congestion is a suspect consideration, and Fuhu's choice of forum and the convenience of its witnesses are outweighed by the judicial economy of having this action heard in Texas. *Posven, C.A. v. Liberty Mut. Ins. Co.,* 303 F. Supp. 2d 391, 406-07 (S.D. NY 2004) (judicial economy in having case decided by judge who was handling companion case and was familiar with factual and legal issues outweighed other considerations).

## B.     This Court has personal jurisdiction over Fuhu.

A district court may properly exercise personal jurisdiction over a non-

resident defendant if: (1) the defendant is amenable to suit under the appropriate state long-arm statute; and (2) the defendant's activities within the forum state satisfy the minimum contacts requirement of the United States Constitution. *Avocent Huntsville Corp. v. Aten Int'l. Co.*, 552 F.3d 1324, 1328-29 (Fed. Cir. 2008) (citations omitted). Because Texas's long-arm statute extends to the limits of the United States Constitution, the sole issue is whether jurisdiction comports with due process.

Personal jurisdiction may be either general or specific. *Id.* General jurisdiction requires continuous and systematic contacts with the forum state. *Id.* (citing to *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction requires sufficient "minimum contacts" with the forum state that relate to or give rise to the plaintiff's claims, and, even with those contacts, the exercise of personal jurisdiction must be reasonable. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts analysis for specific jurisdiction requires: (1) the defendant to purposefully direct its activities at the forum state; (2) the plaintiff's claims arise out of or relate to those activities; and (3) the reasonable assertion of personal jurisdiction. *Akro Corp v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). In analyzing the reasonableness of exercising jurisdiction, the relevant factors are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining a

convenient and effective forum; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026 (1987).

**1.    The stream of commerce theory remains viable under recent Supreme Court authority.**

The stream-of-commerce theory provides that the forum state does not exceed its powers under the Due Process Clause of the 14th Amendment if it asserts personal jurisdiction over a nonresident defendant that delivers its products into the stream of commerce with the expectation that the products will be purchased by consumers in the forum state. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559 (1980). However, the mere placement of a product into the stream of commerce, without more, is not sufficient to satisfy due process requirements; rather there must also be activity by the defendant purposefully directed toward the forum state. *Ashai Metal Industry Co., Ltd. v. Superior court of* California, 480 U.S. 102, 107 S.Ct. 1026 (1987).

The United States Supreme Court most recently revisited this stream of commerce theory in *McIntyre Machinery, Ltd. v. Nicastro,* 131 S. Ct. 2780 (2011). The plurality concluded that the principal inquiry in determining whether jurisdiction exists in cases where a defendant places goods into the stream of

commerce with the expectation that they will be purchased by consumers within the forum State is "whether the defendant's activities manifest an intention to submit to the power of a sovereign. In other words, the defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. at 2788.

Additional conduct of the defendant that may indicate an intent or purpose to serve the market in the forum state includes designing the product for the market in the forum state, advertising in the forum state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state. *Asahi*, 107 S.Ct. at 1033.

### 2. Fuhu has purposefully availed itself of the privilege of conducting activities in Texas.

Although Personal Audio has not had an opportunity to conduct jurisdictional discovery, it is evident that Fuhu is subject to personal jurisdiction in Texas under the guidance of *McIntyre*. More particularly, Fuhu's website represents that it is the leading designer, seller, and innovator of consumer products for children, including the nabi tablet. *See* Exhibit D, attached hereto and incorporated herein by reference. As such, Fuhu's products are "available in all major U.S. retailers including Walmart, Best Buy, and Target." *Id*. By the very nature of its relationships with these national retail chains, Fuhu clearly intends for

its products to reach consumers in Texas. In fact, these major retailers directly advertise and sell Fuhu's infringing products in the Eastern District of Texas. *See, e.g.,* Exhibit E, Walmart weekly ad for Beaumont location; and Exhibit F, photograph of Nabi tablet available for purchase at Target store in Beaumont.

More significantly, Fuhu employs retail field merchandisers to promote its products throughout the United States, including Texas. In fact, Fuhu is presently advertising a job opening in San Antonio, Texas where a Retail Field Merchandiser will:

>-maintain merchandising directives;
>-grow relationships with retailers;
>-complete store calls;
>-reset product displays;
>-provide education to store personnel;
>-maintain display parts and POP inventory;
>-conduct product demonstrations; and
>-monitor inventory levels on store visits.

*See* Exhibit D. Based on the foregoing evidence, Fuhu has not simply placed products in the stream of commerce, not knowing whether they might end up in Texas by chance. To the contrary, Fuhu has purposefully availed itself of the privileges of conducting business in Texas by hiring employees in Texas to advertise and display its products. Fuhu's actions manifest an intent to avail itself of the privileges of doing business in Texas.

### 3. The exercise of specific jurisdiction over Fuhu is reasonable.

Fuhu has sufficient minimum contacts with the State of Texas so that the Court's exercise of specific jurisdiction is reasonable. First, the burden of litigating this action in Texas should not be unreasonably heavy for Fuhu, as it conducts business nationwide and directly markets its infringing products in this State. Second, Texas has an interest in adjudicating this dispute, as Personal Audio is a Texas limited liability company with its principal place of business in Texas, and Fuhu's infringing products are being sold in Texas. Third, Personal Audio has an interest in maintaining suit in this State for the same reasons. Not only is it a Texas company, its employees and documents are located in the State and thus it is a convenient forum. Fourth, as previously noted, this forum will provide for the most efficient resolution of the parties' controversy, as this Court has previous experience with the Patents in Suit. Finally, Texas is the only state where this suit could be filed, because Personal Audio is not subject to jurisdiction in California, but Fuhu and Personal Audio are both subject to jurisdiction in Texas. *See* Exhibit C, Memorandum of Points and Authorities in Support of Personal Audio's Motion to Dismiss First Amended Complaint or Transfer. Because this is the only state where both parties are subject to jurisdiction, Fuhu's Motion to Dismiss for lack of jurisdiction must be denied.

# V.
# CONCLUSION

For the reasons above, Fuhu's Motion to Dismiss should be denied.

Respectfully Submitted,

**GERMER PLLC**

Dated:  October 24, 2013

By:  */s/ Charles W. Goehringer, Jr.*
Charles W. Goehringer, Jr.
Texas Bar No. 00793817
Lawrence L. Germer
Texas Bar No. 07824000
P.O. Box 4915
Beaumont, Texas 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
**PERSONAL AUDIO, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014, I caused a true and correct copy of this document (Personal Audio, LLC's Response to Defendant's Motion to Dismiss Pursuant to the First-to-file rule and For Lack of Personal Jurisdiction) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a).

Dated:  October 24, 2013

By:  */s/ Charles W. Goehringer, Jr.*
Charles W. Goehringer, Jr.