# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| Plaintiff, | |
| **v.** | **CIVIL ACTION NO. 1:13-cv-00513-RC** |
| **FUHU, INC.** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFF PERSONAL AUDIO, LLC'S SUR-REPLY TO DEFENDANT FUHU, INC.'S MOTION TO DISMISS

### PLAINTIFF PERSONAL AUDIO, LLC'S SUR-REPLY TO DEFENDANT FUHU, INC.'S MOTION TO DISMISS

### I.      The First-to-File Rule Does Not Require Dismissal of This Case.

Although Fuhu argues that the first-to-file rule *requires* that the Central District of California court determine the appropriate forum for the present dispute, Fuhu admits—as it must—that the first-to-file rule is merely *discretionary*.  Thus this Court is not required to dismiss this action and should not do so given the equitable circumstances of this case.[1]

### A.      Equitable Exceptions to the First-to-File Rule Apply.

In its Reply, Fuhu takes entirely inconsistent positions in arguing that neither the "anticipatory suit" exception nor "negotiation" exception apply in this case. More particularly, Fuhu argues that the anticipatory suit exception does not apply because the parties were in the midst of negotiations and thus there was no "concrete threat" of "imminent" suit.  Fuhu's Reply at p. 2.  Yet on the very next page of its Reply, Fuhu contradictorily argues that the "negotiation" exception does not apply because Personal Audio "repeatedly implied the threat of litigation" and the parties had reached an impasse, thereby necessitating the filing of suit. Fuhu cannot have it both ways. The fact of the matter is that the parties were negotiating under the threat of suit by Personal Audio, and Fuhu's actions were

---

[1]    In the alternative to dismissal, if this Court determines that the Central District of California should apply the first-to-file rule, then this Court should merely abate the present action pending the California court's ruling.

indisputably a race to the courthouse.  Fuhu's lead counsel practically admitted such when he called to inform Personal Audio's counsel that suit had been filed. *See* Declaration of Richard Baker, (Exhibit B Personal Audio's Response to Motion to Dismiss) at ¶ 6 (noting that Fuhu filed suit because "it wants its own court.").  Thus there is direct evidence that Fuhu acted inequitably to gain an unfair jurisdictional advantage.

### B.      The Convenience Factors Do Not Support Dismissal.

Fuhu admits that judicial economy is a factor that warrants consideration in determining whether to apply the first-to-file rule.  Fuhu also concedes that this Court has invested a substantial amount of time and effort in construing the Patents in Suit in other litigation.  Yet Fuhu tries to diminish the weight of this convenience by arguing that re-examinations of the Patents in Suit were never before this Court.  To the contrary, this Court did consider evidence regarding the re-examination proceedings, even if such evidence was subsequently excluded at trial.  Further, Fuhu argues that its products have never been before this Court. While true, such products have also never been before the Central District of California on similar infringement allegations.

## II.     Fuhu is subject to personal jurisdiction in Texas.

### A.     Fuhu Avails Itself of the Benefits of Doing Business in Texas.

Fuhu does not deny that it engages in activities purposefully directed at Texas but rather argues that personal Audio's only evidence of such is "a single job listing outside of the Eastern District of Texas."   Fuhu's Reply at p. 6. Personal Audio has not had the benefit of jurisdictional discovery, and at a minimum, this Court should permit such discovery prior to even considering dismissal.   However, Personal Audio has presented sufficient evidence of jurisdiction for the Court to deny Fuhu's Motion to Dismiss outright.  It does not matter that Fuhu's "retail field merchandiser" is located in San Antonio, Texas rather than in the Eastern District of Texas.[2]   A foreign corporation who engages in activities purposefully directed at Texas is subject to personal jurisdiction in all Texas courts.

### B.     Exercising Jurisdiction in Texas Is Reasonable Under the *Burger King* Factors.

As Fuhu notes, the *Burger King* reasonableness factors are similar to the convenience factors under 28 USC §1404(a) (permitting transfer for the convenience of parties and witnesses and in the interest of justice).  Fuhu's primary convenience argument is that it would be more burdensome for Fuhu to litigate in

---

[2]   Fuhu's posted job description states that the field merchandiser will be required to travel thousands of miles per month making retail store visits and maintaining displays.

Texas because its witnesses and documents are located in California.  Yet by the same token, it would be at least equally burdensome for Personal Audio to litigate in California because it is a Texas corporation with its offices, employees, and documents all located in Texas.   And unlike Personal Audio which does no business in California, Fuhu actually avails itself of the benefits of doing business in Texas.

In fact, the State of Texas has a significant interest in adjudicating this dispute because, not only is Personal Audio a Texas corporation, but the allegedly infringing products are marketed and sold in retail stores throughout Texas, including the Eastern District of Texas.  *See* Exhibits D, E, and F to Personal Audio's Response to Fuhu's Motion to Dismiss.

## <u>PRAYER</u>

For the foregoing reasons, Personal Audio prays that Fuhu's Motion to Dismiss be denied, that jurisdictional discovery be permitted if necessary, or in the alternative, that this matter be abated pending the Central District of California's rulings on jurisdiction and the first-to-file rule.

Respectfully Submitted,

**GERMER PLLC**

Dated:  November 11, 2013          By:  */s/ Charles W. Goehringer, Jr.*
                                   Charles W. Goehringer, Jr.
                                   Texas Bar No. 00793817
                                   Lawrence L. Germer
                                   Texas Bar No. 07824000
                                   P.O. Box 4915
                                   Beaumont, Texas 77704
                                   (409) 654-6700 – Telephone
                                   (409) 835-2115 – Facsimile

                                   **ATTORNEYS FOR PLAINTIFF**
                                   **PERSONAL AUDIO, LLC**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 11, 2013, I caused a true and correct copy of this document (Personal Audio, LLC's Sur-Reply to Defendant's Motion to Dismiss) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a).

Dated:  November 11, 2013          By:  */s/ Charles W. Goehringer, Jr.*
                                   Charles W. Goehringer, Jr.