Case 1:13-cv-00513-RC   Document 16-1   Filed 12/03/13   Page 1 of 15 PageID #: 1127
Case 2:13-cv-05571-BRO-SH   Document 35   Filed 11/27/13   Page 1 of 15   Page ID #:2564
LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**       (IN CHAMBERS)

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [25], AND DENYING PLAINTIFF'S REQUEST FOR DISCOVERY [28]

Pending before the Court are two motions: (1) Defendant Personal Audio LLC's motion to dismiss for lack of subject matter and personal jurisdiction, or, in the alternative, motion to transfer venue, (Dkt. No. 25); and (2) Plaintiff Fuhu Inc.'s motion for leave to conduct jurisdictional discovery, (Dkt. No. 28). For the following reasons, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

### I.   FACTUAL BACKGROUND

Plaintiff Fuhu Inc., a California corporation headquartered in El Segundo, California, is the award-winning creator of nabi® tablet computers. (First Am. Compl. ("FAC") ¶¶ 20–21.) Its tablet computers are designed for children, as are the other consumer products and services it offers. (FAC ¶ 21.) Plaintiff's innovative products have gained favor in the marketplace, earning it recognition by INC. magazine as one of the fastest growing private companies in the United States. (FAC ¶ 22.)

In February 2013, Plaintiff received a letter from Defendant Personal Audio LLC. (FAC ¶ 48, Ex. 10.) In that letter, Defendant informed Plaintiff that Defendant owns "several fundamental patents involving the use of playlists to play music, podcasts, and videos on portable devices." (FAC ¶ 48, Ex. 10.) It stated that Defendant is "actively licensing these patents and [it] invite[d] Fuhu to join [its] growing list of licensees." (FAC ¶ 48, Ex. 10.) Defendant also indicated that "Fuhu may wish to have its patent

Case 1:13-cv-00513-RC   Document 16-1   Filed 12/03/13   Page 2 of 15 PageID #: 1128
Case 2:13-cv-05571-BRO-SH   Document 35   Filed 11/27/13   Page 2 of 15   Page ID #:2565

LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

counsel examine [Defendant's] U.S. Patent Nos. 6,199,076 and 7,509,178 to determine whether a non-exclusive license is needed under the patents for Fuhu Nabi 2 Tablet and any other similar products." (FAC ¶ 48, Ex. 10.) In the letter, Defendant also referred to its favorable patent infringement litigation against Apple Inc., which resulted in a $ 12,182,331 judgment, following a jury verdict in Defendant's favor. (FAC ¶ 48, Ex. 10.) The letter concluded by reiterating Defendant's invitation to license the patents, and indicating Defendant is "looking forward to friendly negotiations" with respect to a license. (FAC ¶ 48, Ex. 10.)

Plaintiff responded to Defendant's letter on February 15, 2013. (FAC ¶ 51, Ex. 16.) In its response, Plaintiff explained that it had been unaware of Defendant's patents, and indicated it was yet unaware of any infringement because Defendant had failed to explain in its letter how Plaintiff's products infringed the patents. (FAC ¶ 51, Ex. 16.) Accordingly, on February 26, 2013, the parties conferred over the internet. (FAC ¶ 53.) In that meeting, Defendant made a presentation, evidently explicating Plaintiff's need for a license. (*See* FAC ¶ 53.) According to Defendant, however, the content of the presentation slides is subject to a confidentiality agreement. (Mot. 1, 5–6.)

Following their meeting, and apparently following several proposals and counter proposals regarding a licensing agreement, Plaintiff filed this declaratory judgment action on August 1, 2013. (*See* FAC ¶¶ 58–76.) In its complaint, Plaintiff alleges that Defendant's "actions and statements directed at [Plaintiff]" have created "an actual and substantial controversy between [them] regarding [Plaintiff's] liability for infringement of the Patents-in-Suit and the validity of the Patents-in-Suit." (FAC ¶ 80–82.) Almost two weeks later, on August 13, 2013, Defendant filed a patent infringement lawsuit against Plaintiff in the Eastern District of Texas. (Mot. 18.)

On October 17, 2013, Defendant filed the instant motion, contending the action should be dismissed for two reasons: (1) the Court lacks subject matter jurisdiction over the matter because there was no case or controversy when the action was filed; and (2) the Court may not exercise personal jurisdiction over Defendant because it lacks sufficient contacts with California. (*See* Dkt. No. 25.) Alternatively, Defendant argues the case should be transferred to the Eastern District of Texas, where its infringement

Case 1:13-cv-00513-RC   Document 16-1   Filed 12/03/13   Page 3 of 15 PageID #: 1129
Case 2:13-cv-05571-BRO-SH   Document 35   Filed 11/27/13   Page 3 of 15   Page ID #:2566
LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

lawsuit against Plaintiff is being heard. (Mot. 17–21.) On October 28, 2013, Plaintiff filed a notice of motion for leave to conduct jurisdictional discovery. (Dkt. No. 28.)

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A federal district court may only hear cases for which there is subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). A plaintiff bears the burden of proving subject matter jurisdiction, and must carry that burden by a preponderance of the evidence. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

### B. Motion to Dismiss for Lack of Personal Jurisdiction

A defendant may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once personal jurisdiction is challenged, the plaintiff bears the burden of demonstrating that jurisdiction is indeed appropriate. *Autogenomics Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).[1] Nevertheless, where—as

---

[1] In a case involving patent law, a district court properly considers the issue of personal jurisdiction in light of Federal Circuit law, as "the jurisdictional issue is intimately involved with the substance of the patent laws." *Autogenomics Inc.*, 566 F.3d at 1016.

Case 1:13-cv-00513-RC Document 16-1 Filed 12/03/13 Page 4 of 15 PageID #: 1130
Case 2:13-cv-05571-BRO-SH Document 35 Filed 11/27/13 Page 4 of 15 Page ID #:2567

LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

here—the motion to dismiss is based on pleadings and affidavits, and not an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328–29 (Fed. Cir. 2008). Thus, in such case, a court must look only to the plaintiff's pleadings and affidavits. *Id.* Additionally, a court must draw reasonable inferences from the complaint in favor of the plaintiff and assume credibility. *Id.* at 1329. This is consistent with the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, all uncontroverted allegations are accepted as true, and any factual disputes in the affidavits are resolved in the plaintiff's favor. *Elecs. For Imaging Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). Nevertheless, mere bare-bones assertions of minimum contacts with the forum, or legal conclusions unsupported by specific factual allegations, will not support a plaintiff's pleading burden. *See Iqbal*, 556 U.S. at 678.

A federal court's power to exercise personal jurisdiction over a non-resident defendant is limited by the law of the state where the court is located, and federal constitutional principles of due process. *See Autogenomics v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). California's jurisdictional statute, however, is coextensive with federal due process requirements. Cal. Civ. Pro. Code § 410.10 (West 2013).[2] Thus, a federal court in California need only analyze whether exercising jurisdiction over a non-resident defendant would comport with federal due process. *See Red Wing Shoe Co. v. Hockerson-Halberstadt Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

In exercising personal jurisdiction over a non-resident defendant, due process requirements are satisfied only if the defendant has "certain minimum contacts with [the forum state] such that [maintaining] the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted). Thus, due process protects a defendant by limiting the fora where it must defend suit to those where it would be reasonably foreseeable. *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985). Depending on the level of minimum contacts the defendant has, the forum state may exercise either general or specific jurisdiction. *Id.* at 473 n.15.

---

[2] California Code of Civil Procedure Section 410.10 provides: "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or the United States."

LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

Where the defendant's contacts—or activities—in the forum state rise to the level of being substantial or "continuous and systematic," a court may exercise general personal jurisdiction. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445–46 (1952). General jurisdiction allows suit on claims arising out of any of the defendant's activities—even activities that are unrelated to the forum state. *Id.*

If, however, the defendant's activities in the forum state are not continuous and systematic, therefore not permitting general jurisdiction, suit may yet be allowed if they are sufficient to permit specific personal jurisdiction. Specific jurisdiction may be exercised only when the lawsuit's claims are "related to or arise[] out of a defendant's contacts with [or activities in] the forum [state]." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks omitted).

### C. Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), a case may be transferred from one district court to another: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that the case should be transferred to another district. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Section 1404(a) further provides that "the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks omitted). The following factors guide a court's determination of whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two fora, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.* at 498–99.

LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

## III. DISCUSSION

In its motion, Defendant contends this declaratory action should not be heard by the Court. As support for its position, Defendant offers three reasons: (1) the Court lacks subject matter jurisdiction; (2) the Court lacks personal jurisdiction over Defendant; and (3) even if subject matter and personal jurisdiction lie in this case, it would be more conveniently heard in the Eastern District of Texas.[3] The Court will discuss each argument in turn.

### A. Subject Matter Jurisdiction

In its complaint, Plaintiff is seeking declaratory relief. (*See* FAC ¶¶ 162–185.) Specifically, Plaintiff requests the Court to render a judgment declaring that it is not liable for infringing Defendant's U.S. Patents Nos. 6,199,076 and 7,509,178, (FAC ¶¶ 162–173), as well as declaring the same patents are invalid, (FAC ¶¶ 174–185).

Actions seeking declaratory relief often give rise to questions concerning a federal court's jurisdiction. Article III limits the jurisdiction of a federal court to preside over "Cases" or "Controversies." U.S. Const., art. 3, § 2. The federal Declaratory Judgment Act in no way expands this jurisdiction. *See* 28 U.S.C. § 2201(a); *SanDisk Corp. v. STMicroelectronics Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007) ("The 'actual controversy' requirement of the Declaratory Judgment Act is rooted in Article III of the Constitution. . . . Thus, our jurisdiction extends only to matters that are Article III cases or controversies."); *see also Prasco LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) ("The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction."). Rather, the Act provides a remedy that is available only when this threshold jurisdictional requirement[4] is satisfied: "In a case of actual controversy within

---

[3] Attached to its motion, Defendant makes a request for judicial notice. Nevertheless, it appears the request for judicial notice is limited to Defendant's request to transfer venue to the Eastern District of Texas. Because the Court does not reach the issue of transfer, the Court need not consider Defendant's request.

[4] Of course, the "Case[]" or "Controvers[y]" jurisdictional requirement is merely a threshold requirement; it is necessary but not sufficient alone to establish federal subject matter jurisdiction. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy *within its jurisdiction* . . . ." (emphasis added).); *ABB Inc. v. Cooper Indus. LLC*, 635 F.3d 1345, 1349–50 (Fed. Cir. 2011) ("When the declaratory defendant's hypothetical suit arises under federal law, '[w]hat is litigated in such a situation is "the precise issue which could have been litigated in federal court in a coercive action brought by" the declaratory defendant.'").

Case 1:13-cv-00513-RC Document 16-1 Filed 12/03/13 Page 7 of 15 PageID #: 1133
Case 2:13-cv-05571-BRO-SH Document 35 Filed 11/27/13 Page 7 of 15 Page ID #:2570

LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *MedImmune Inc. v. Genentech Inc.*, 549 U.S. 118 (2007).

In its motion, Defendant contends in essence that the Court lacks jurisdiction to hear this declaratory action because Plaintiff can not allege any facts demonstrating that a case or controversy existed between the parties when Plaintiff filed its complaint. (Mot. 5–6.) The Court does not agree.

As articulated by the Supreme Court, to satisfy the "Cases" or "Controversies" requirement in the context of a declaratory judgment action, the plaintiff must allege facts, which, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. "[T]he dispute [must] be definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* at 127 (internal quotation marks omitted). In cases involving patent law, specifically, a district court has jurisdiction to hear a declaratory action "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." *SanDisk Corp.*, 480 F.3d at 1381.

Here, Plaintiff has satisfied these requirements. To begin, Plaintiff describes the content of Defendant's initial February 5, 2013 letter, and includes the letter as an exhibit. (FAC ¶ 48, Ex. 10.) The Court will discuss the contents of this letter in further detail below. Briefly, however, the letter indicates that Defendant owns two patents, and intimates that Plaintiff needs "a non-exclusive license . . . for [its] Fuhu Nabi 2 Tablet." (FAC Ex. 10.) Plaintiff also includes details of a February 26, 2013 meeting that Defendant hosted via an online platform. (FAC ¶¶ 51–57, Exs. 18–22.) In that meeting, Defendant showed presentation slides to Plaintiff, which explained Defendant's belief that Plaintiff's products are infringing its patents, (FAC Ex. 19); reminded Plaintiff that

---

Here, however, because the subject matter of Plaintiff's complaint involves issues of patent law, original subject matter jurisdiction beyond the threshold requirement of whether there is a "Case[]" or "Controvers[y]" is not an issue. *See* 28 U.S.C. § 1338 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents.").

LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

issued U.S. patents are presumed valid, and Defendant's patents have an early priority date of October 2, 1996, (FAC Ex. 20); proposed specific royalty payments that Plaintiff could make to Defendant, (FAC Ex. 21); and provided the ultimatum of either making a single royalty payment or cease using Defendant's technology in the U.S., (FAC Ex. 22). Subsequently, Defendant sent a draft non-exclusive licensing agreement to Plaintiff, which Plaintiff also includes as an exhibit. (FAC ¶ 59, Ex. 24.) Thereafter, the parties continued to negotiate and communicate by phone and email regarding the possibility of licensing Defendant's patents. (FAC ¶¶ 61–76.)

According to Defendant, however, the content of any negotiations between the parties is subject to a confidentiality agreement. (Mot. 5:25–6:4.) In a letter Defendant sent to Plaintiff, it indicated that "[i]n [the web meeting] and future discussions, [Defendant] would like [Plaintiff's] agreement that any meetings between [the parties] are confidential and not discoverable under the United States Rules of Civil Procedure [sic][5] 408." (FAC Ex. 17.) Plaintiff evidently conceded to some kind of agreement. (Reply 1 ("Fuhu proposes that the parties agree not to disclose any information regarding the discussions, in discovery or otherwise, except as may be required by law.").) Defendant is apparently quoting a letter written by Plaintiff, and cites to Exhibit 23 of the First Amended Complaint. (*See* Reply 1.) That statement, however, is not found in Exhibit 23, as it appears to have been redacted by Plaintiff; notwithstanding, Plaintiff evidently did propose some kind of arrangement regarding confidentiality. (*See* FAC Ex. 23 ("Please confirm whether *this* approach to confidentiality is acceptable." (emphasis added)).)

In its opposition, Plaintiff asserts the confidentiality agreement regarding negotiations was pursuant solely to Federal Rule of Evidence 408, (Opp'n 7–8), which would not prevent Plaintiff from discussing content of the negotiations to establish a case or controversy, *see SanDisk Corp.*, 480 F.3d at 1375 n.1. Defendant, on the other hand, contends the agreement was to hold the negotiations confidential *and* inadmissible under Federal Rule of Evidence 408. (Reply 1–2.) If Plaintiff truly did "propose[] that the parties agree *not to disclose* any information regarding the discussions, in discovery *or otherwise*," the Court would agree with Defendant, and find the content of the

---

[5] It appears Defendant intended to say Federal Rule of Evidence 408.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

negotiations are confidential.[6] But the Court need not consider the content of the negotiations to affirm its subject matter jurisdiction in this case.

In the Court's view, the content of Defendant's initial letter alone is sufficient to create a case or controversy, and thus establish jurisdiction. The Court is mindful that "a communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more cannot establish adverse legal interests between the parties, let alone the existence of a 'definite and concrete' dispute." *Hewlett-Packard Co. v. Accerleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009). But the letter in this case does more than just identify a patent and a product line.

For example, the letter suggests Plaintiff's patent counsel should "determine whether a non-exclusive license is *needed under the patents*," and specifically identifies Plaintiff's "Fuhu Nabi 2 Tablet." (FAC Ex. 10 (emphasis added).) A license would be "needed under the patents" only if the products *infringed* the patents' claims. Additionally, the letter indicates Defendant is "actively licensing [its] patents," and then lists several major companies that have already acquired a similar license. (FAC Ex. 10.) Later, it mentions the fate of a company who evidently did not agree to a license: Apple Inc. (*Id.*) Defendant goes out of its way to specifically mention that it prevailed in a patent infringement lawsuit against Apple Inc., "obtain[ing] a judgment for $ 12,182,331 in accordance with a jury verdict . . . in which the jury found that Personal Audio's [patents] were *valid and infringed*." (*Id.* (emphasis added).) Then, just after hailing its triumph over Apple in its infringement suit, Defendant in a somewhat threatening manner extends its invitation: "We invite Fuhu to take a license to these patents"—the same patents that the jury found Apple Inc. to have infringed. (*Id.*) Furthermore, it is also relevant that Plaintiff received this letter "from a non-competitor patent holding company," which understandably would "invoke a different reaction than would a meet-and-discuss inquiry by a competitor, presumably with intellectual property of its own to place on the bargaining table." *Hewelett-Packard*, 587 F.3d at 1363 (internal quotation marks omitted). In other words, an invitation to license its patents from Defendant—a patent holding company who does not practice the technology protected by its patents—

---

[6] As noted above, however, Defendant offers no evidence that Plaintiff truly did propose such an agreement. Defendant cites to Exhibit 23 of the First Amended Complaint, but the quoted material had been redacted by Plaintiff, and Defendant never provided another copy of the email.

LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

would reasonably be interpreted as a threat to assert those patents in a court of law. *See id.*

Therefore, under the totality of the circumstances—given the content of the letter, its reference to a favorable judgment in a patent infringement lawsuit against one of Plaintiff's competitors, and the sender's status as a patent holding company—it was not unreasonable for Plaintiff to interpret Defendant's words as implicitly asserting its rights under its patents. *See id.* Accordingly, the Court finds that there is a valid "Case" or "Controversy" between the parties, consequently bestowing the Court with subject matter jurisdiction over Plaintiff's declaratory action. As such, the Court DENIES Defendant's motion on this basis.

### B. Personal Jurisdiction

Nevertheless, Defendant also asserts that the Court may not properly exercise personal jurisdiction over it. (Mot. 6–17.) According to Defendant, the Court may exercise neither general nor specific personal jurisdiction because it lacks sufficient contacts with California. (Mot. 7–17.) Based on the facts alleged in Plaintiff's complaint, the Court agrees.

#### *1. General Personal Jurisdiction Does Not Lie*

As stated above, to establish general jurisdiction over Defendant, Plaintiff must allege facts demonstrating that Defendant's contacts—or activities—in California rise to the level of being substantial or "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445–46 (1952). In the Court's view, Plaintiff's allegations are far afield from establishing "continuous and systematic" contacts in California.

In its complaint and opposition, Plaintiff highlights Defendant's activities in California: maintaining a patent infringement lawsuit against a corporation whose principal place of business is located in California;[7] use of a California resident as an

---

[7] Truly, it would be erroneous to say that Plaintiff has not been thorough in attempting to substantiate its allegations, for it has attached eighty-four exhibits to its complaint, standing nearly eight inches thick. But appending what appears to be a printout of a significant portion of the docket in the *Personal Audio LLC v. Apple Inc.* patent infringement lawsuit, Dr. Almeroth's curriculum vitae and his entire examination transcript, files relating to the reexamination of Defendant's patents, expert

LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

expert witness; conducting a deposition in California; serving process in California on at least four California residents; filing patent infringement lawsuits against at least ten California corporations; entering into non-exclusive license agreements with at least four California-based corporations; and engaging in "prelitigation extrajudicial enforcement of the Patents-in-Suit" against California-based corporations, including Plaintiff. (Opp'n 11–12.) After listing these contacts, Plaintiff concludes they "are 'continuous and systematic' and thus subject [Defendant] to general personal jurisdiction in the Central District of California." (Opp'n 12.) Yet, a few lawsuits against California-based corporations—filed in the Eastern District of Texas—cannot be held to establish continuous and systematic contacts with California. Service of process, taking a deposition in California, hiring a California resident as an expert witness, and sending cease and desist letters does not change this analysis. These contacts—even in the aggregate—simply do not approximate Defendant's physical presence within California. *See Bancroft & Masters Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Accordingly, the Court finds that Plaintiff has failed to allege facts that would establish general personal jurisdiction over Defendant.

### *2. Specific Personal Jurisdiction Does Not Lie*

"To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed [its] activities at residents of the forum." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (internal quotation marks omitted). In the Federal Circuit, a three-prong test is applied; the Court must determine whether (1) Defendant purposefully directed its activities at residents of the forum; (2) Plaintiff's claim arises out of or relates to Defendant's forum-related activities; and (3) the Court's exercise of personal jurisdiction would be reasonable and fair. *Id.* at 1332; *accord Breckenridge Pharm. Inc. v. Metabolite Labs. Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

---

reports, and a deposition transcript is not persuasive, nor is it necessary, or even helpful, for that matter. A simple allegation that Defendant had filed the lawsuit, and that Dr. Almeroth was involved, would have sufficed at the pleading stage. If anyone doubted the allegation, a one-page declaration that Dr. Almeroth was involved in the lawsuit would have had just as much evidentiary sway as the current four reams of paper that essentially illustrate the same.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

In this case—an action for declaratory judgment of non-infringement and invalidity—the first two prongs are satisfied. *See Avocent*, 552 F.3d at 1332–33. Defendant purposefully directed its activities toward Plaintiff, a resident of California, by sending a letter proposing licensing negotiations, and strongly hinting of patent infringement litigation should negotiations not result in Defendant's favor. (*See* FAC Ex. 10.) And these activities gave rise to Plaintiff's claim for declaratory relief: it was precisely Defendant's letter that caused Plaintiff to fear a potential infringement suit, leading it to file this declaratory action, (*see, e.g.*, FAC ¶¶ 163–165). *See Avocent*, 552 F.3d at 1333. Accordingly, whether the Court may properly exercise specific jurisdiction over Defendant turns on an analysis of the third prong: whether it would be reasonable to do so. *See Id.* at 1332.

As affirmed by the Federal Circuit, in an action for declaratory relief, a court may not properly exercise personal jurisdiction over a defendant whose only contacts with the forum include letters sent to inform the plaintiff of infringement. *See Avocent*, 552 F.3d at 1333). Doing so "in such a situation would not 'comport with fair play and substantial justice'"—it would not be reasonable. *Id.* Therefore, to exercise jurisdiction, "there must be 'other activities' directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit" that the defendant sent to the plaintiff. *Id.* (emphasis in original) (internal quotation marks omitted). These "other activities" must go "beyond the sending of cease and desist letters [to other alleged infringers also] or mere attempts to license the patent at issue" in the forum state. *Breckenridge Pharm. Inc.*, 444 F.3d at 1366. As the Federal Circuit explained in *Avocent*, "[e]xamples of these 'other activities' include initiating judicial or extra-judicial patent enforcement *within the forum*, or entering into an *exclusive* license agreement or other undertaking which *imposes enforcement obligations* with a party residing or regularly doing business in the forum." *Avocent*, 552 F.3d at 1334 (emphasis added). In this case, Defendant has not engaged in any of these activities.

For example, although Plaintiff alleges that Defendant has engaged in extra-judicial patent enforcement within California, it appears these efforts merely consist of sending letters similar to the letter Plaintiff received, (*see* FAC ¶ 143, Exs. 72–74). This cannot support jurisdiction, *Breckenridge Pharm. Inc.*, 444 F.3d at 1366. And while Plaintiff does mention several lawsuits that Defendant has filed against California-based

Case 1:13-cv-00513-RC Document 16-1 Filed 12/03/13 Page 13 of 15 PageID #: 1139
Case 2:13-cv-05571-BRO-SH Document 35 Filed 11/27/13 Page 13 of 15 Page ID #:2576

LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

corporations, all of these lawsuits were filed in the Eastern District of Texas, not California. (*See* FAC ¶¶ 131–140, Exs. 50–69.) Unsurprisingly, having sued several California-based corporations, Defendant has also entered into settlement or license agreements with California-based corporations, as Plaintiff has indicated. (*See* FAC ¶¶ 133, 135; Exs. 53, 57–58) Given the number of licensees, however, the license agreements are evidently non-exclusive.[8] *See Breckenridge*, 444 F.3d at 1366 (explaining that "a defendant may not be subjected to personal jurisdiction . . . where the defendant has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees"). Furthermore, Plaintiff has not alleged that Defendant "exercise[s] control over the licensees' sales activities." *See id.* And while serving process or deposing an expert witness in California may be termed "other activities" in one sense, it is clear they are not the activities contemplated by the Federal Circuit in *Avocent* that will subject a defendant to personal jurisdiction. *See Avocent*, 552 F.3d at 1334–36.

Accordingly, although Defendant's activities within California give rise or relate to Plaintiff's declaratory action, Plaintiff has failed to allege any "other activities" that would make exercising personal jurisdiction over Defendant reasonable. As such, the Court may not properly exercise specific jurisdiction over Defendant.

Whereas the Court may not exercise general or specific jurisdiction over Defendant, Defendant's motion to dismiss for lack of personal jurisdiction is hereby GRANTED.

### C. Venue

Because the Court has found personal jurisdiction over Defendant does not lie, it need not consider Defendant's request to transfer venue to the Eastern District of Texas.

---

[8] Additionally, the license that Defendant offered in its initial letter to Plaintiff was a non-exclusive license. (*See* FAC Ex. 10.)

Case 1:13-cv-00513-RC Document 16-1 Filed 12/03/13 Page 14 of 15 PageID #: 1140
Case 2:13-cv-05571-BRO-SH Document 35 Filed 11/27/13 Page 14 of 15 Page ID #:2577

LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

### D. Plaintiff's Request for Leave to Conduct Jurisdictional Discovery

In its opposition, Plaintiff argues the Court should permit it to conduct jurisdictional discovery, thus allowing it to find facts that would properly subject Defendant to personal jurisdiction in California. (Opp'n 19–20.)

Jurisdictional "discovery is appropriate where the existing record is 'inadequate' to support personal jurisdiction *and* 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Trintec Indus. Inc. v. Pedre Promotional Prods. Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (emphasis added). "[A] trial court may deny jurisdictional discovery when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, or where the request for discovery is based on little more than a hunch that it might yield jurisdictionally relevant facts." *Nuance Commc'ns Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235–36 (Fed. Cir. 2010) (applying Ninth Circuit case law) (internal citations and quotation marks omitted).

In its opposition, Plaintiff has not demonstrated that it can supplement its jurisdictional allegations through discovery. Instead, it merely asserts that it "has been able to glean substantial information regarding Personal Audio's extensive activities purposefully directed at California residents" without the benefit of discovery. (Opp'n 19–20.) Then, it requests jurisdictional discovery "if the Court determines that 'pertinent facts bearing on the question of jurisdiction are controverted or that a more satisfactory showing of the facts is necessary.'" (Opp'n 20.) Yet, the Court has not found any controverted jurisdictional facts. Even accepting as true the facts alleged in Plaintiff's complaint, they simply do not subject Defendant to personal jurisdiction in California. By highlighting what Plaintiff was able to do *without* jurisdictional discovery as evidence for what it could do *with* jurisdictional discovery, Plaintiff offers "little more than a hunch that [discovery] might yield jurisdictionally relevant facts." *Nuance Commc'ns Inc.*, 626 F.3d at 1235–36. This is insufficient to warrant discovery.

The Court notes that in several instances Plaintiff alleges that Defendant has entered into licensing agreements with California residents. Plaintiff contends that "[t]o the extent that [Defendant's] settlement agreements with [other California-based

LINK: JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05571 BRO (SHx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | FUHU INC. V. PERSONAL AUDIO LLC | | |

corporations] include provisions like those [it] proposed for a license to [Plaintiff] in Exhibit 24 . . . [Defendant] owes continuing obligations to [various] California corporation[s]." (*See, e.g.*, FAC ¶ 133, Ex. 24.) Depending on the content of these agreements, Defendant might be subject to jurisdiction in California, for example, if Defendant required the licensees to enforce its patents. *See Avocent*, 552 F.3d at 1334. But the Court has reviewed the proposed license agreement in Exhibit 24, and finds that Defendant would not owe any "continuing obligations" to any licensee—at least none that would subject Defendant to personal jurisdiction in California, nor would a licensee be required to enforce Defendant's patents. The licensing agreement in Exhibit 24 is straight forward; Defendant merely would grant a fully paid up, non-exclusive license to practice the patents. As such, the only real obligation that Defendant would owe to its licensee is to not sue the licensee for patent infringement. This is the very nature of a non-exclusive license, and the Federal Circuit in *Breckenridge* clearly indicated that non-exclusive licenses cannot subject a declaratory defendant to personal jurisdiction, *see* 444 F.3d at 1366, the other licenses into which Defendant allegedly entered would not have subjected it to personal jurisdiction in California either.

Accordingly, Plaintiff's request for jurisdictional discovery is DENIED.

IV. **CONCLUSION**

For the reasons discussed above, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED. Accordingly, this case is DISMISSED.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |