\*\* NOT PRINTED FOR PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1-13-CV-513 |
| v. | § | |
| | § | JUDGE RON CLARK |
| FUHU, INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Personal Audio LLC sued Defendant Fuhu, Inc., alleging Defendant's products infringed US. Patent Nos. 6,199,076 and 7,509,178. Defendant Fuhu filed a motion to dismiss based a lack of personal jurisdiction.[1] [Doc. # 9]. Plaintiff has met its burden to show that the excise of personal jurisdiction over Defendant is appropriate. Defendant's motion to dismiss for lack of personal jurisdiction [Doc. # 9] is DENIED.

**I.     Background**

Plaintiff alleges that Defendant's products, include the nabi 2, nabi Jr., and nabi XD tablet, infringe the '076 and '178 patents. These products are disturbed through national retailers and are available for sale in Texas. New England Intellectual Property, Plaintiff's agent, sent a letter to Defendant on February 5, 2013, advising Defendant of the alleged infringement.

---

[1] Defendant Fuhu also moved to dismiss because it filed an action seeking a declaratory judgment on the same issues in the Central District of California prior to the commencement of this action. On November 27, 2013, that action was dismissed for want of personal jurisdiction over Personal Audio. [Doc. # 16]. The portions of Defendant's motion pertaining to the motion to dismiss based on a first-to-file claim are DENIED AS MOOT.

Plaintiff's agent offered to enter into a licensing agreement to avoid litigation. The parties engaged in several months of negotiations, attempting to license the technology, but negotiations broke down, and on August 1, 2013, Defendant filed a declaratory judgment action in the Central District of California. That action has since been dismissed for lack of personal jurisdiction. On August 13, 2013, Plaintiff brought this action in this court.

## II. Applicable Law

Pursuant to Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss an action for a lack of personal jurisdiction. In patent cases, the Federal Circuit applies is own case law, rather than that of the regional circuit, because jurisdiction is so closely tied to substantive patent law. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009). Where a motion under Rule 12(b)(2) is decided on the papers without an evidentiary hearing, the plaintiff need only make a prima facie showing that the court has personal jurisdiction over the defendant. *Id.* at 1017. The analysis of personal jurisdiction requires the court to first determine whether the service of process was correct under the forum state's long arm statute the then determine whether that service of process comports with due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). When, as in Texas, the long-arm statute goes to the extent of due process, the analysis collapses into a single inquiry. *800 Adept, Inc. v. Enter. Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 566 (E.D. Tex. 2008).

There are two types of personal jurisdiction, specific and general. General jurisdiction exists when the defendant's contacts with the forum are so continuous and systematic it may be brought into court any cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 1872 (1984). Where no general jurisdiction exists, but a defendant has sufficient minimum contacts with the forum and the cause of action arises out of

or relates to those contacts, then the defendant may be subject to specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 2182 (1985).

Specific jurisdiction requires a three step test: "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Under the first prong of the test, much debate has arisen around whether placing goods in the stream of commerce is a basis for personal jurisdiction. As the Supreme Court has yet to articulate the requirements for granting personal jurisdiction under the stream of commerce theory, the analysis must be a fact driven, case-by-case analysis. *Id.* at 1362-63 (noting that *McIntyre Mach., Ltd. v. Nicastro*, ___ U.S. ___, 131 S. Ct. 2780 (2011) did not change stream of commerce analysis).

In the context of patent litigation, claims "both 'arise out of' and 'relate to' the defendant's alleged manufacturing, using, or selling of the claimed invention." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). The final prong's reasonableness relies on the *Burger King* factors: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policy. *Rudzewicz*, 471 U.S. at 582, 105 S. Ct. at 2184.

### III. Discussion

Plaintiff does not claim Texas has general jurisdiction over Defendant, but instead argues that specific jurisdiction does exist. Plaintiff alleges that Defendant purposefully directed its activities toward Texas because its goods are available for sale in stores in Beaumont, Texas.

Doc. ## 10-4, 10-5 (showing goods available for sale at Beaumont stores). Additionally, Plaintiff provided a job posting from Defendant, seeking a Retail Field Merchandiser for the accused products, to be based out of San Antonio, Texas. Doc. # 10-3. Defendant argues that this case should be dismissed for lack of personal jurisdiction because Plaintiff has failed to allege anything more than conclusory statements.

Defendant relies heavily on Chief Judge Rader's concurrence in *AFTG-TG*. Defendant's reliance is misplaced. The concurrence turns the court's attention to the record and pleadings to find evidence of more than a single sale or placement of goods into the stream of commerce. *AFTG-TF*, 689 F.3d at 1368 (Rader , C.J., concurring). The record and pleadings in this case show far more than a single sale, the mere placement in the stream of commerce that may end in Texas, or an ephemeral contact with Texas. The allegedly infringing goods are available at national retailers in Beaumont, and presumably throughout Texas. Defendant sought to hire a Texas-based employee to merchandise those goods within Texas. Based on the record and pleadings, Plaintiff has met its prima facie burden to show purposefully directed its goods to Texas.[2] As the allegedly infringing goods are being offered for sale in Texas, Plaintiff has also met its burden for the "arising out of" or "related to" prong. *See Avocent Huntsville Corp.*, 552 F.3d at 1332.

As to the final prong and the *Burger King* factors, on balance, the exercise of jurisdiction in this matter comports with traditional notions of justice and fair play. Inevitably, any litigation outside the home forum of a defendant places a burden on that defendant. The first factor alone

---

[2] Defendant's argument about a lack of contacts with the Eastern District of Texas is misplaced as this is not a motion to transfer venue. Personal jurisdiction does not depend on the federal district, but rather the state.

cannot sway the analysis. The second factor relates to the forum state's interest. Plaintiff is a Texas corporation and therefore Texas has an interest in adjudicating local disputes. Defendant attempts to conflate this into a balance between Texas's interests and California's interests. Texas's interest is not diminished because Plaintiff has only one employee in Texas and Defendant has many in California.

With the third factor, Defendant attempts to turn Plaintiff's pre-litigation negotiations into a sword to use against Plaintiff, arguing that it did not show sufficient interest in obtaining convenient and effective relief, whereas Defendant promptly filed its now-dismissed action in California. Once again, Defendant is attempting to muddy the waters by turning this into a comparison between California and Texas, which it is not. Plaintiff has a right to its day in court. Defendant has tried and failed to bring a declaratory judgment in California. Dismissing this case and requiring Plaintiff to refile in California would only serve to hinder the efficient administration of justice.

Defendant makes no specific arguments regarding the remaining *Burger King* factors, other than to say they demonstrate unreasonableness. The fourth *Burger King* factor relates to the interstate judicial system's interest in efficiency. This court has significant experience with the patents-in-suit, including claim construction and a jury trial. *Personal Audio, LLC v. Apple, Inc.*, 9-09-cv-111. Given this prior knowledge and experience, it would be efficient for this court to handle this matter. The final factor favors the exercise of jurisdiction because it furthers the conservation of scarce judicial resources by allowing a court with prior experience to adjudicate the dispute. When viewed through the lens of the *Burger King* factors, an exercise of specific jurisdiction in this matter does not offend justice or a traditional sense of fair play.

## IV.     Conclusion

Plaintiff has met its burden to make a showing of a prima facie case for specific personal jurisdiction.  IT IS THEREFORE ORDERED that Defendant's motion to dismiss for lack of personal jurisdiction [Doc. # 9] is DENIED.

So **ORDERED** and **SIGNED** this **8**   day of **February, 2014.**

_____
Ron Clark, United States District Judge