UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | Case No. 1:13-cv-513-RC |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **FUHU, INC.,** § | |
| § | |
| Defendant. § | |

## DEFENDANT FUHU, INC.'S ANSWER TO
## PERSONAL AUDIO, LLC'S COMPLAINT

Defendant FUHU, Inc. ("FUHU"), by and through its counsel, hereby submits this Answer to Personal Audio, LLC's ("Plaintiff") Complaint for Patent Infringement of U.S. Patent Nos. 6,199,076 and 7,509,178 (collectively, the "Patents-in-Suit") as follows:

### PARTIES

1. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint and therefore denies same.

2. FUHU admits the allegations in Paragraph 3.

### JURISDICTION AND VENUE

3. Paragraph 4 of the Complaint contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, FUHU admits that this action purports to arise under the Patent Laws of the United States and that this Court has jurisdiction over the subject matter of this Action.

4. In response to Paragraph 5 of the Complaint, FUHU denies that it has committed any acts of patent infringement in this district and further, responds that whether FUHU has

transacted business in this district and whether venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b) are legal questions to which no response is required.

5. Paragraph 6 of the Complaint contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, FUHU denies the allegations in Paragraph 6 of the Complaint.

6. FUHU denies that it has committed any acts of patent infringement in this district and further, responds that whether FUHU is subject the Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute is a legal question to which no response is required. To the extent a response is required, however, FUHU denies the remaining allegations in Paragraph 7 of the Complaint.

## BACKGROUND ALLEGATIONS

7. In response to Paragraph 8 of the Complaint, FUHU admits that the '076 patent states on its face, that it is entitled "AUDIO PROGRAM PLAYER INCLUDING A DYNAMIC PROGRAM SELECTION CONTROLLER" and was published on March 6, 2001, and admits that a copy of the '076 patent was attached to the Complaint as Exhibit B, but lacks knowledge sufficient to admit or deny that Plaintiff is the owner of the '076 patent and therefore, denies same.

8. In response to Paragraph 9 of the Complaint, FUHU admits that the '178 patent states on its face, that it is entitled "AUDIO PROGRAM DISTRIBUTION AND PLAYBACK SYSTEM" and was published on March 24, 2009, and admits that a copy of the '178 patent was attached to the Complaint as Exhibit C, but lacks knowledge sufficient to admit or deny that Plaintiff is the owner of the '178 patent and therefore, denies same.

9. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies same.

10. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies same.

11. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies same.

12. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies same.

13. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies same.

14. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies same.

15. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies same.

16. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies same.

17. FUHU lacks knowledge sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies same.

18. FUHU admits that by at least February 5, 2013, Plaintiff sent a letter to Jim Mitchell, but denies all other averments of fact in Paragraph 19.

19. FUHU admits that Shawn G. Hansen sent a written response to Plaintiff, but denies all other averments of fact in Paragraph 20.

20. FUHU admits that it filed a declaratory action against Plaintiff in the District Court for the Central District of California, but denies all other averments of fact in Paragraph 21.

## COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 6,199,076

21. In response to Paragraph 22 of the Complaint, FUHU repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

22. FUHU denies the allegations of Paragraph 23 of the Complaint.

23. FUHU denies the allegations of Paragraph 24 of the Complaint.

## COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 7,509,178

24. In response to Paragraph 25 of the Complaint, FUHU repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

25. FUHU denies the allegations of Paragraph 26 of the Complaint.

26. FUHU denies the allegations of Paragraph 27 of the Complaint.

## PRAYER FOR RELIEF

These paragraphs set forth a statement of relief requested by Plaintiff to which no response is required. FUHU denies that Plaintiff is entitled to any of the requested relief and denies all allegations.

## DEMAND FOR JURY TRIAL

The demand makes no allegations against FUHU and therefore, neither admission nor denial is required.

## **AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to it, and reserving its right to amend its Answer to add additional Affirmative Defenses, FUHU pleads the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
## NONINFRINGEMENT

FUHU does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, jointly, willfully, or otherwise) any valid, enforceable claim of the Patents-in-Suit either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY

The Patents-in-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE
## LACHES

Plaintiff's attempted enforcement of the Patents-in-Suit against FUHU is barred in whole or in part under the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
## ESTOPPEL

Plaintiff's attempted enforcement of the Patents-in-Suit against FUHU is barred in whole or in part under the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE
## PROSECUTION HISTORY ESTOPPEL

Under the doctrine of prosecution history estoppel, Plaintiff is estopped from asserting the doctrine of equivalents as to arguments and amendments made to obtain allowance of the applications that issued as the Patents-in-Suit.

## SIXTH AFFIRMATIVE DEFENSE
## MARKING AND NOTICE

To the extent that Plaintiff or its predecessors in interest or their licensees in, to, or under the Patents-in-Suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that FUHU's actions allegedly infringed the

Patents-in-Suit, FUHU is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### SEVENTH AFFIRMATIVE DEFENSE
### LICENSE AND/OR EXHAUSTION

To the extent that Plaintiff has licensed or otherwise exhausted its rights and remedies as to products or services that are accused by way of the Complaint, FUHU is not liable to Plaintiff for any alleged acts of infringement related to such products or services.

### EIGHTH AFFIRMATIVE DEFENSE
### LIMITATION ON COSTS

Plaintiff's requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

### NINTH AFFIRMATIVE DEFENSE
### LIMITATION ON DAMAGES

Any claim by Plaintiff for damages is limited under 35 U.S.C. § 286.

### TENTH AFFIRMATIVE DEFENSE
### PROVISION OF PRODUCTS FOR USE BY OR FOR THE UNITED STATES

To the extent FUHU provides any accused products for use by or for the United States, Plaintiff's remedies are limited under 28 U.S.C. § 1498.

### ELEVENTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim against FUHU upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### PRAYER FOR RELIEF

WHEREFORE, FUHU prays for relief as follows:

A.   Dismissal of the Complaint with prejudice;

B. A declaration that FUHU has not infringed, has not willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any of the claims of the Patents-in-Suit;

C. A declaration that the Patents-in-Suit are invalid and/or unenforceable;

D. Declaring this an exceptional case under 35 U.S.C. § 285 and awarding FUHU its costs, expenses and attorneys' fees in this action; and

E. That FUHU be granted such other and additional relief as the Court deems just and proper.

Dated:  February 24, 2014

Respectfully submitted,

By: /s/ J. Thad Heartfield
J. Thad Heartfield
Texas State Bar No. 09346800
thad@heartfieldlawfirm.com
M. Dru Montgomery
Texas State Bar No. 24010800
dru@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789

Kevin G. McBride
kmcbride@akingump.com
Eric R. Garcia (*pro hac pending*)
ergarcia@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  949.885.4200
Facsimile:  949.885.4101

**ATTORNEYS FOR DEFENDANT FUHU, INC.**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 24th day of February, 2014.  Any other counsel of record will be served by first class mail.

                                                                           */s/ J. Thad Heartfield*
                                                                            J. Thad Heartfield